[Nos. 16674-3-I; 16675-1-I.   Division One.   December 22, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
WAYNE BEMBRY, *Appellant*.

*Julie A. Kesler* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stan-
field, Deputy,* for respondent.

SWANSON, J.—Charles Wayne Bembry appeals following
two convictions for first degree robbery. Bembry contends
the trial court erroneously considered a prior Oregon con-
viction for purposes of sentencing. We affirm the trial court.

On October 5, 1984, Charles Wayne Bembry pleaded
guilty to first degree robbery and to first degree robbery
while armed with a deadly weapon for incidents occurring
in July and September 1984. At the December 11, 1984
sentencing hearing, the State presented an exemplified
copy of a September 1, 1978 judgment and probation order
indicating that Bembry had pleaded guilty to first degree
burglary in Oregon. The defendant submitted a copy of the
order entering plea of guilty from the Oregon conviction.

At the hearing, Bembry alleged that the Oregon convic-
tion was constitutionally invalid and therefore could not be

used as criminal history for sentencing. Bembry argued that the documents before the sentencing court regarding the Oregon guilty plea failed to show that he was informed of his right to remain silent, that he understood the elements of the charged crime, or that he understood the maximum sentence that could have been imposed. The trial court permitted Bembry to testify briefly that at the time of the Oregon guilty plea he had not been informed of his right to remain silent and did not know the elements of the charged crime.

The court rejected Bembry's contentions, finding that his "vague recollection" was insufficient to raise any doubts about the Oregon conviction for purposes of sentencing. On the basis of his criminal history, Bembry was given an offender score of 3 and sentenced to concurrent terms of 75 and 54 months on the two robbery charges. Appeals from both sentences have been consolidated.

On appeal Bembry contends that because the record of the Oregon conviction failed to show affirmatively on its face that he was informed of his right to remain silent, the conviction was facially invalid and could not be used for purposes of sentencing. Bembry asserts that this apparent invalidity was further bolstered by his testimony at the sentencing hearing.

Under the sentencing reform act, the defendant's prior convictions are used to determine his or her offender score, which in turn is used to determine the applicable presumptive standard sentence range. *See* RCW 9.94A.330, .360, .370. In *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986), the Supreme Court severely restricted a defendant's ability to mount a collateral attack on a prior conviction at a sentencing hearing. The court reasoned that the sentencing proceeding could not be turned into an appellate forum:

> The defendant has no right to contest a prior conviction at a subsequent sentencing. To allow an attack at that point would unduly and unjustifiably overburden the sentencing court. The defendant has available, more

appropriate arenas for the determination of the constitutional validity of a prior conviction. The defendant must use established avenues of challenge provided for post–conviction relief. A defendant who is successful through these avenues can be resentenced without the unconstitutional conviction being considered.

*Ammons,* 105 Wn.2d at 188 (citing *In re Bush,* 26 Wn. App. 486, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981)). In order to use prior convictions for sentencing:

> (1) the State must prove the existence of prior convictions only by a preponderance of the evidence; (2) the State need not prove the constitutional validity of prior guilty pleas, though a facially invalid plea cannot be used; and (3) once the State presents an order of judgment and sentence bearing the defendant's name, identity is sufficiently established unless the defendant declares under oath that he is not the person named.

*State v. Binder,* 106 Wn.2d 417, 419, 721 P.2d 967 (1986). Bembry does not allege that the State has not proved the existence of the Oregon conviction or that he is not the person named in the documents.

A conviction previously determined to have been unconstitutionally obtained or one that is constitutionally invalid on its face may not be used in a sentencing proceeding. *Ammons,* 105 Wn.2d at 187. "Constitutionally invalid on its face" means a conviction that "*without further elaboration* evidences infirmities of a constitutional magnitude." (Italics ours.) *Ammons.*

The court reinforced this definition by rejecting any notion that the trial court at a sentencing hearing should go behind the verdict and sentence to determine the validity of the defendant's contentions. Although the *Ammons* court does not provide an example of a conviction that would be "invalid on its face," the court's discussion of the claims before it demonstrates that Bembry's assertions to the sentencing judge that he was not informed of the elements of the crime, of the maximum penalty, and of his right to remain silent at the time of the Oregon guilty plea do not render the conviction invalid on its face for purposes

of sentencing.

Eugene Garrett, one of the defendants in *Ammons,* objected to the use of a prior conviction based on a guilty plea, alleging that the judgment and sentence and statement on plea of guilty

failed to show that he was aware of his right to remain silent, failed to set forth the elements of the crime of burglary, failed to set forth the consequences of pleading guilty and failed to include a sufficient factual basis for the plea.

*Ammons,* at 189. The court rejected these contentions:

A determination as to the validity of these issues *cannot be made from the face of the guilty plea form.* Garrett must pursue the usual channels for relief.

(Italics ours.) *Ammons,* at 189. The court also rejected the contentions of Dale Barton regarding prior convictions based on guilty pleas:

The plea on its face does not show that constitutional safeguards were *not* provided. Similar to Garrett, Barton's recourse is to the appellate courts.

*Ammons,* at 189. The court also rejected similar contentions in *State v. Binder, supra* at 418. In *Binder,* the de‒fendant challenged the constitutional validity of his prior convictions at the sentencing hearing. In an offer of proof, defendant's counsel had stated that the defendant would testify that he had not been specifically advised of his constitutional rights before entering any of the prior guilty pleas. *Binder,* at 418.

As in *Ammons,* the validity of Bembry's contentions cannot be determined from the face of the guilty plea form. The guilty plea order does not show on its face that constitutional safeguards were not provided. Bembry's testimony in this regard was therefore irrelevant. Bembry's recourse is to the "established avenues . . . for post‒conviction relief." *Ammons,* 105 Wn.2d at 188.

We express today no opinion as to the merits of Bembry's claims. We hold only that, in the context of a sentencing hearing, the allegation that he was not informed of

all constitutional safeguards and the lack of affirmative evidence that all safeguards were provided do not, standing alone, render Bembry's Oregon conviction facially invalid.

Judgment affirmed.

RINGOLD, A.C.J., and COLEMAN, J., concur.