[Nos. 51550–6, 51580–8, 51587–5.   En Banc.   January 30, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY
LEE AMMONS, ET AL, *Appellants.*

*Julie A. Kesler* and *Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellants Ammons and Barton.

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for appellant Garrett.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

*David Boerner,* amicus curiae for respondent.

GOODLOE, J.—The appellants, Roy Lee Ammons, Dale R. Barton, and Eugene Garrett, challenge the constitutionality of the Sentencing Reform Act of 1981, RCW 9.94A (hereafter referred to as the SRA), pursuant to which they were sentenced. We hold the SRA is constitutional and affirm their sentences.

The SRA became effective on July 1, 1984. The SRA is a comprehensive sentencing system which establishes a standard presumptive sentencing range for most criminal offenses. The presence and nature of prior convictions determine, in part, the presumptive sentence range. RCW 9.94A.360 and .370.

Because the cases were consolidated on appeal, the factual settings of each appellant must be outlined.

Ammons: Roy Lee Ammons was found guilty of second degree burglary by a King County Superior Court jury on September 13, 1984, the Honorable Terrence A. Carroll, presiding. The sentencing hearings were held on October 23 and 29, 1984. The standard sentence range for second degree burglary as a first offense is 0 to 90 days. The State presented to the court certified copies of four prior convictions: all from Skagit County, all for second degree bur-

glary; three of them based on guilty pleas and one based on a jury verdict. Inclusion of the four prior convictions elevated the sentence range to 33 to 43 months.

Ammons asked the court to rule that before any prior conviction can be used to enhance a sentence, the State must prove the prior conviction beyond a reasonable doubt. The sentencing court ruled the State need only establish the prior convictions by a preponderance of the evidence.

Ammons also asked the court to rule that the State must prove the *constitutional validity of any prior conviction*, whether it is based on a guilty plea or a jury verdict. Ammons offered specific evidence of jury instructions which called into question the constitutional validity of his prior jury verdict conviction. The sentencing court found the State did not have to prove the constitutional validity of the prior convictions.

The sentencing court further found that the defendant did not have the right to remain silent with regard to the existence of prior convictions. Ammons was sentenced to 40 months in prison.

Barton: Dale R. Barton pleaded guilty, pursuant to a plea agreement, to the charge of second degree burglary on September 18, 1984, in King County Superior Court before the Honorable Stephen M. Reilly. The sentencing hearing was held on October 25, 1984. The standard sentence range for second degree burglary as a first offense is 0 to 90 days. The State presented to the court certified copies of four prior convictions: two for theft, one for forgery and one for burglary. Inclusion of the four prior convictions elevated the sentence range to 12 to 14 months. The court sentenced Barton to 14 months in prison.

Barton on appeal makes several constitutional challenges which will be addressed in the analysis section. He also argues that this court should not consider the certified copies of the four prior convictions which were discussed and reviewed at the sentencing but which were not included in the Superior Court's clerk's papers. RCW 9.94A.210(5). On June 4, 1985, the State moved to supplement the record.

On June 24, 1985, we ordered that the record be supplemented.

Garrett: Eugene Garrett pleaded guilty to charges of second degree robbery and first degree theft on August 20, 1984, in King County Superior Court before the Honorable Donald D. Haley. At the plea proceeding, Garrett disputed the prosecutor's statement of his criminal history, arguing he knew of no prior convictions which the State could prove the existence, identity, and constitutional validity of beyond a reasonable doubt. The sentencing hearing was held on November 6, 1984. The standard sentence range for second degree robbery as a first offense is 6 to 12 months and for first degree theft as a first offense is 2 to 6 months. The State offered a certified copy of a judgment and sentence for second degree burglary. Inclusion of the prior conviction elevated the sentence range to 12 to 14 months for second degree robbery and 3 to 9 months for first degree theft.

Garrett objected to the use of the prior conviction, but submitted a certified copy of the statement on plea of guilty in order to challenge the constitutional validity of the plea. The court found the State's presentation of the judgment met the burden of preponderance of the evidence. The court imposed a sentence of 14 months for the second degree robbery and 3 months for the first degree theft.

To the extent possible, the overlapping issues raised by the appellants have been grouped together. The issues will be examined in the order deemed most sensible to the court.

I

The first challenge, made by Barton, is that the SRA violates the separation of powers doctrine. Barton presents three different theories. We find all three theories without merit.

The first theory is that the SRA is unconstitutional as a violation of the separation of powers doctrine because the Legislature's enactment of the SRA impinges on the judi-

cial power to sentence. This theory begins with a faulty premise because the Legislature, not the judiciary, has the authority to determine the sentencing process.

■ This court has consistently held that the fixing of legal punishments for criminal offenses is a legislative function.

As early as 1909, the court stated:

> The spirit of the law is in keeping with the acknowledged power of the legislature to provide a minimum and maximum term within which the trial court may exercise its discretion in fixing sentence . . .

*State v. Le Pitre,* 54 Wash. 166, 169, 103 P. 27 (1909).

In *State v. Mulcare,* 189 Wash. 625, 628, 66 P.2d 360 (1937), the court stated: "Fixing of penalties or punishments for criminal offenses is a legislative function, and the power of the legislature in that respect is plenary and subject only to constitutional provisions against excessive fines and cruel and inhuman punishment."

The court in 1975 recognized that "it is the function of the legislature and not of the judiciary to alter the sentencing process." *State v. Monday,* 85 Wn.2d 906, 909–10, 540 P.2d 416 (1975). Recently, the court again reiterated that sentencing is within the Legislature's power. *State v. Bryan,* 93 Wn.2d 177, 181, 606 P.2d 1228 (1980).

Barton offers as support for his position our decision in *State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 621 P.2d 115 (1980). It does not support his position. *Cascade Dist. Court* determined that the decision to refer an accused for diagnostic evaluation of amenability for a deferred prosecution is essentially a sentencing alternative and, therefore, at least partially a judicial act which does not infringe upon the prosecutor's charging function. The court recognized that the prosecutor could have input if the Legislature provided guidelines but, as written, the statute gave the prosecutor the ability to arbitrarily veto a partial judicial decision and therefore violated the separation of powers doctrine. We stated: "If the legislature wishes to make the initial eligibility decision one for the prosecutor

. . . then standards for guiding decision making are necessary to prevent an unconstitutional delegation of the *legislative* authority to alter the sentencing process." (Italics ours.) *Cascade Dist. Court,* at 781.

We find no violation of the separation of powers doctrine by the Legislature's enactment of the SRA because it is within the Legislature's power.

The second theory is that the SRA is unconstitutional as a violation of the separation of powers doctrine because the SRA's limitation on the trial court's discretion in sentencing infringes upon a judicial power.

█ Barton argues that alteration of a judge's discretion, by requiring a sentence within a certain range unless there are substantial and compelling reasons, violates judicial authority. This argument fails to recognize that the trial court does not have absolute discretion to do whatever it pleases. The trial court's discretion in sentencing is that which is given by the Legislature.

The SRA by its language still gives the trial court discretion in sentencing but it changes the parameters in which the discretion can be exercised. RCW 9.94A.010 specifically states that the SRA "structures, but does not eliminate, discretionary decisions affecting sentences . . ." The court continues to have discretion. The SRA allows "[t]he court [to] impose any sentence within the [presumptive sentence] range that it deems appropriate." RCW 9.94A.370. The court is allowed to impose a sentence outside the standard range, either higher or lower, as long as it finds "considering the purpose of [the SRA] that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.120(2). The Legislature's structuring of the trial court's discretion does not infringe upon a judicial power.

The Juvenile Justice Act of 1977, RCW 13.40, in which the Legislature gave trial courts new guidelines for the sentencing of juveniles, has been upheld. *State v. Rhodes,* 92 Wn.2d 755, 600 P.2d 1264 (1979); *State v. Adcock,* 36 Wn. App. 699, 676 P.2d 1040 (1984).

The third theory is that the SRA is unconstitutional as a violation of the separation of powers doctrine because the SRA's structuring of the Court of Appeals review of sentences outside the standard range infringes upon a judicial power.

Appellate review of sentences outside the standard range is governed by RCW 9.94A.210, which provides, in pertinent part:

> (2) A sentence outside the sentence range for the offense is subject to appeal by the defendant or the state. The appeal shall be to the court of appeals in accordance with rules adopted by the supreme court.
>
> . . .
>
> (4) To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

■ Similar standards were given to the Court of Appeals in the Juvenile Justice Act of 1977, RCW 13.40-.230. This court applied them without question in *State v. Rhodes, supra* at 760. The SRA's structuring of the Court of Appeals review of sentences outside the standard range does not infringe upon judicial power.

## II

The second challenge, made by Barton, is that RCW 9.94A.210(1), which provides: "A sentence within the standard range for the offense shall not be appealed" is unconstitutional. Although article 1, section 22 of the Washington State Constitution provides: "In criminal prosecutions the accused shall have . . . the right to appeal in all cases", our construction of RCW 9.94A.210(1) makes it constitutional.

■ We read RCW 9.94A.210(1) as only precluding appellate review of challenges to the amount of time imposed when the time is within the standard range. The

Legislature by establishing presumptive sentence ranges has structured the trial court's discretion. When the sentence given is within the presumptive sentence range then as a matter of law there can be no abuse of discretion and there is no right to appeal that aspect. An appellant, of course, is not precluded from challenging on appeal the procedure by which a sentence within the standard range was imposed.

## III

The third challenge, made by Barton and Ammons, is that RCW 9.94A.100 and 9.94A.370 violate the constitutional rights of a defendant against self–incrimination and against having to produce evidence which are protected by the fifth amendment to the United States Constitution and article 1, section 9 of the Washington State Constitution.

RCW 9.94A.100 provides, in pertinent part, that:

> The prosecuting attorney and the defendant shall each provide the court with their understanding of what the defendant's criminal history is prior to a plea of guilty pursuant to a plea agreement.

RCW 9.94A.370 provides, in pertinent part:

> In determining any sentence, the trial court may use no more information than is admitted by the plea agreement, and admitted to or acknowledged at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point.

Criminal history means the list of a defendant's prior convictions, and may include certain juvenile convictions. RCW 9.94A.030(8)(a), (b).

■ RCW 9.94A.100 requires the defendant to disclose any prior convictions but applies only when the defendant enters a plea of guilty pursuant to a plea agreement. A defendant has no constitutional right to plead guilty. *State v. Martin,* 94 Wn.2d 1, 4, 614 P.2d 164 (1980). However, the State may confer such a right by statute. *Martin,* at 4 (cit-

ing *North Carolina v. Alford,* 400 U.S. 25, 38 n.11, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970)). Because a plea agreement has been analogized to a contract, *Santobello v. New York,* 404 U.S. 257, 262, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), the State can, pursuant to statute, condition the plea agreement on a defendant's giving his criminal history of convictions. Disclosure of a defendant's criminal history prior to the plea of guilty also enables the court to apprise the defendant of the sentencing consequences of his plea. *See In re Baca,* 34 Wn. App. 468, 471, 662 P.2d 64 (1983). We find the requirement of RCW 9.94A.100 does not violate a defendant's constitutional rights.

RCW 9.94A.370 applies at any sentencing proceeding. Under RCW 9.94A.370, the defendant is not required to disclose prior convictions; however, his failure to object to information contained in the presentence reports allows the court to use it in determining the sentence.

The issue of whether the rights against self–incrimination and having to produce evidence apply at a sentencing is one of first impression for this court. The United States Supreme Court has recognized a Fifth Amendment right in the sentencing phase of a capital punishment case, where it stated in dicta: "Any effort by the State to compel [a defendant] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." (Footnote omitted.) *Estelle v. Smith,* 451 U.S. 454, 463, 68 L. Ed. 2d 359, 101 S. Ct. 1866 (1981).

In *Estelle,* the defendant's unwarned statements to a psychiatrist in a pretrial examination were used against him in a post–trial death penalty proceeding. Statements made by a convicted defendant to a probation officer or psychiatrist revealing prior criminal, but unconvicted, behavior, have not been allowed to influence a sentencing decision. *United States v. Jones,* 640 F.2d 284, 287 (10th Cir. 1981); *Jones v. Cardwell,* 686 F.2d 754, 756 (9th Cir. 1982). The essence of the principle is that the State must "produce the evidence against [the defendant] by the independent labor of its officers, not by the simple, cruel expe-

dient of forcing it from his own lips.'" *Estelle,* at 462, quoting *Culombe v. Connecticut,* 367 U.S. 568, 581–82, 6 L. Ed. 2d 1037, 81 S. Ct. 1860 (1961). However, all encounters, examinations and interviews do not necessarily present the same Fifth Amendment concerns. *Estelle,* at 469 n.13; *Jones v. Cardwell, supra.*

RCW 9.94A.370 does not compel a defendant to provide any information. The defendant has the right to know of and object to adverse facts in the presentence reports. If he contests any facts, an evidentiary hearing must be held before they are used. We hold RCW 9.94A.370 does not violate the defendant's constitutional rights.

## IV

The fourth challenge, made by all three appellants, is that the SRA's requirement that the existence of prior convictions be proved by a preponderance of the evidence denies them due process. They assert that the standard of beyond a reasonable doubt is constitutionally required. We hold the beyond a reasonable doubt standard is not required and affirm the SRA's adoption of a preponderance of the evidence standard.

The sections dealing with proof of prior convictions state, in pertinent part:

> If the court is satisfied by a preponderance of the evidence that the defendant has a criminal history, the court shall specify the convictions it has found to exist.

RCW 9.94A.110.

> "Criminal history" means the list of a defendant's prior convictions . . .

RCW 9.94A.030(8)(a).

We recognize that in some proceedings we have required that the State prove the existence of prior convictions beyond a reasonable doubt when a sentence beyond the statutory maximum or a mandatory additional sentence could be imposed. *See State v. Tongate,* 93 Wn.2d 751, 754, 613 P.2d 121 (1980) (deadly weapon enhancement); *State v.*

*McKim,* 98 Wn.2d 111, 117, 653 P.2d 1040 (1982) (knowledge that codefendant armed with a deadly weapon); *State v. Murdock,* 91 Wn.2d 336, 340, 588 P.2d 1143 (1979) (proof of prior convictions in habitual criminal proceedings); *State v. Nass,* 76 Wn.2d 368, 370, 456 P.2d 347 (1969) (proof of sale of narcotics to a minor to impose a greater sentence).

In other proceedings, we have not required the State to prove the existence of prior convictions, even though the prior conviction was an element of the present crime. *See State v. Gonzales,* 103 Wn.2d 564, 693 P.2d 119 (1985); *State v. Hall,* 104 Wn.2d 486, 706 P.2d 1074 (1985) (escape).

We find the sentencing court's determination of prior convictions under the SRA to be most analogous to the former parole board's determination of criminal activity in a parole revocation proceeding. Pursuant to RCW 9.95-.125, the parole board determined criminal activity by a "preponderance of the evidence." We held this standard to be constitutionally sufficient. *Standlee v. Smith,* 83 Wn.2d 405, 409, 518 P.2d 721 (1974); *Standlee v. Rhay,* 557 F.2d 1303, 1307 (9th Cir. 1977); *Pierce v. Department of Social & Health Servs.,* 97 Wn.2d 552, 559–60, 646 P.2d 1382 (1982). The defendant has similar interests at stake in an SRA sentencing proceeding and a parole revocation proceeding because the individual has been convicted and the sentencing body is determining the terms and conditions of the sentence within a lawful maximum.

We have consistently recognized that a convicted defendant has a liberty interest which minimal due process protects. *State v. Nelson,* 103 Wn.2d 760, 697 P.2d 579 (1985); *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979). Use of the evidentiary standard of preponderance of the evidence satisfies minimal due process.

## V

The fifth challenge, made by all three appellants, is that due process requires that the State must prove a prior con-

viction, considered in sentencing a defendant, is constitutionally valid and was imposed upon this defendant.

Prior convictions are used to determine the offender score which in turn is used to determine the applicable presumptive standard sentence range. RCW 9.94A.360, .370. The presumptive standard sentence range, regardless of how many prior convictions, can never exceed the statutory maximum sentence for the current offense. RCW 9.94A.420.

The SRA itself does not explicitly require the State prove the constitutional validity of a prior conviction before it can be considered in sentencing. *See* RCW 9.94A.110, .030(8)(a). In only two situations has this court held that the State, before using a prior conviction, had to affirmatively show its constitutional validity: (1) a proceeding to establish a status of habitual criminal or habitual traffic offender, *State v. Chervenell,* 99 Wn.2d 309, 312, 662 P.2d 836 (1983); *State v. Holsworth,* 93 Wn.2d 148, 157, 607 P.2d 845 (1980); *State v. Ponce,* 93 Wn.2d 533, 611 P.2d 407 (1980); and (2) a proceeding to establish the crime of felon in possession of a firearm, *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980); *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227, 39 A.L.R.4th 975 (1984), in which the prior conviction was an essential element.

We have refused to apply such a requirement in other situations. *See State v. Gonzales, supra* (use of prior conviction in prosecution for escape); *State v. Williams,* 98 Wn.2d 428, 656 P.2d 477 (1982); *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981) (use of prior conviction for impeachment purposes); *In re Bush,* 26 Wn. App. 486, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981) (use of prior conviction to establish minimum term).

We hold that the State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be

considered. *See In re Bush, supra* at 497–98; *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.

To require the State to prove the constitutional validity of prior convictions before they could be used would turn the sentencing proceeding into an appellate review of all prior convictions. The defendant has no right to contest a prior conviction at a subsequent sentencing. To allow an attack at that point would unduly and unjustifiably over-burden the sentencing court. The defendant has available, more appropriate arenas for the determination of the con-stitutional validity of a prior conviction. The defendant must use established avenues of challenge provided for post–conviction relief. A defendant who is successful through these avenues can be resentenced without the unconstitutional conviction being considered.

A similar conclusion was explained by Judge Ringold, and affirmed by this court, with respect to the use of prior convictions by the Board of Prison Terms and Paroles to establish the defendant's minimum term.

> If an inmate wishes to challenge the use of the prior conviction, the remedy is to seek a judicial determination that the conviction cannot constitutionally be used as a basis for setting a minimum term. The inmate may either collaterally attack the conviction in the state or federal court where it was entered or file a personal restraint petition pursuant to RAP 16.3 *et seq.* in the appropriate division of the Court of Appeals or in the Supreme Court. In the latter situation, the petitioner will be required to demonstrate that he or she is being unlaw-fully restrained because of the unconstitutional present use by the Parole Board of an involuntary guilty plea in setting the mandatory minimum term of confinement.

*In re Bush,* at 497.

A review of the challenges made by the appellants in this case will elaborate on the meaning of constitutionally

invalid on its face and will explain why none of their challenges were sufficient to withdraw the existence of the prior convictions from the sentencing courts' consideration. All of the prior convictions used against the appellants were based on guilty pleas, except one used against Ammons was based on a jury verdict.

Garrett raised specific challenges before the sentencing court for why his prior conviction on a guilty plea in King County cause 65061 was not constitutionally valid and therefore should not be used to enhance his sentence. Garrett argued that the guilty plea form failed to show that he was aware of his right to remain silent, failed to set forth the elements of the crime of burglary, failed to set forth the consequences of pleading guilty and failed to include a sufficient factual basis for the plea. A determination as to the validity of these issues cannot be made from the face of the guilty plea form. Garrett must pursue the usual channels for relief.

Barton challenges the use of his prior guilty plea convictions to prove his criminal history because they do not reflect that constitutional safeguards were provided. The plea on its face does not show the constitutional safeguards were *not* provided. Similar to Garrett, Barton's recourse is to the appellate courts.

Ammons asks this court to allow collateral attacks on the constitutional validity of prior jury trial convictions. Even in the habitual criminal proceeding this has not been allowed. *See State v. Serr*, 35 Wn. App. 5, 9, 664 P.2d 1301, *review denied*, 100 Wn.2d 1024 (1983); *State v. Heaps*, 36 Wn. App. 718, 724, 677 P.2d 1141, *review denied*, 101 Wn.2d 1013 (1984). Ammons argues that the jury instructions used in his prior trial denied him his constitutional rights. The validity of that claim cannot be determined facially. The trial court would have to go behind the verdict and sentence and judgment to make such a determination. We hold this should not be done.

Each appellant also argues that the State must prove that he and the defendant named in the prior con-

viction is the same person. Of course, there must be some showing that the defendant before the court for sentencing and the person named in the prior conviction are the same person. We hold that the identity of names is sufficient proof, which may be rebutted by the defendant's declaration under oath that he is not the same person named in the prior conviction. The defendant's declaration under oath will suspend the use of the prior conviction in assessing the presumptive standard sentence range until the State proves by independent evidence, for example, fingerprints, court personnel present at prior adjudication, or institutional packets, that the defendant before the court for sentencing and named in the prior conviction are the same.

These requirements achieve the proper balance. In these cases, the defendant in the certified copies of judgments and sentences had the same name as the defendant currently being sentenced. The prosecutor offered no other independent corroborating evidence. Not one of the appellants, however, alleged that he was not the same person as the one named in the prior conviction. Ammons and Garrett made no objection at their sentencing hearings. They only argued that the State has the burden of proving identity, without alleging they were not the same person, in their hearing memoranda. Barton, in both his memorandum and at the sentencing hearing, argued that the State had the burden of showing, and had not shown, that he was the same person as the one named in the prior conviction. The sentencing court independently ascertained that Barton was the same person as the defendant in one of his four alleged prior convictions by asking Barton's counsel if this was the same person that he had represented in the earlier proceeding. Defense counsel answered truthfully. Barton, also, was given the opportunity, but refused, to testify under oath that he was not the same person named in the prior convictions. Due process is satisfied when the defendant is informed of the prior convictions being utilized and given the opportunity to deny that he is the same person.

## VI

Because we are not remanding any of the appealed sentences for resentencing, we do not reach the sixth challenge, made by Barton, of whether double jeopardy would be violated if on a remand for resentencing additional prior convictions were shown which could result in a higher presumptive standard sentence range.

## VII

Finding the challenged SRA sections and the sentencing courts' applications of them pass constitutional scrutiny, we affirm the sentences imposed upon Roy Lee Ammons, Dale R. Barton, and Eugene Garrett.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

After modification, further reconsideration denied May 13, 1986.