FILED
COURT OF APPEALS
DIVISION II

2014 APR 29 AM 8: 45

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44171-3-II |
| Respondent, | |
| v. | |
| SANDRA JOAN GATTEN, aka SANDY JOAN ABBASI, aka SANDY JOAN HEISER, aka SANDY JOAN KNAPP, aka SANDY JOAN LYBECK, aka SANDY JOAN GATTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Sandra Joan Gatten pleaded guilty to second degree burglary. On appeal, Gatten challenges her offender score, arguing that (1) the trial court erred by including her prior convictions for welfare fraud because they are constitutionally invalid on their face; and (2) the trial court erred by including her conviction for first degree theft because it was previously found to be the same criminal conduct as her welfare fraud convictions. The trial court properly included her welfare fraud convictions because Gatten did not meet her burden to show that they are constitutionally invalid on their face. But, the State concedes that the trial court erred by including Gatten's first degree theft conviction, and we accept the State's concession. Accordingly, we remand for resentencing.

## FACTS

Gatten pleaded guilty to one count of second degree burglary. The State calculated Gatten's offender score as 12. The State's offender score calculation included 7 points for 7

counts of welfare fraud and 1 point for first degree theft. The welfare fraud and first degree theft convictions all resulted from the same case. Gatten disputed the State's calculation of her offender score.

Gatten objected to including six of the seven counts of welfare fraud. She argued that the welfare fraud statute provides for one unit of prosecution, and therefore, six of the counts violated double jeopardy; thus, the judgment and sentence was constitutionally invalid on its face. At sentencing, the trial court rejected Gatten's argument and stated that the judgment and sentence on the welfare fraud convictions was not constitutionally invalid on its face. The trial court also found that the State failed to prove the existence of one of Gatten's out of state convictions. The trial court calculated Gatten's offender score as follows: 7 points for the welfare fraud convictions, 1 point for the first degree theft conviction, and 1 point for a prior drug conviction. The trial court sentenced Gatten to a prison-based alternative sentence based on the standard sentencing range for an offender score of 9. Gatten appeals the calculation of her offender score.

## ANALYSIS

### A. WELFARE FRAUD CONVICTIONS

Gatten argues that the trial court erred by including her welfare fraud convictions in her offender score because the convictions are constitutionally invalid on their face. She presents two arguments to support her claim. First, she argues that the welfare fraud convictions are constitutionally invalid on their face because her guilty plea does not indicate that she read, or was read, the plea form prior to accepting the plea. Second, she argues that the multiple welfare fraud convictions violate double jeopardy because the welfare fraud statute provides for a single

unit of prosecution. Both of Gatten's arguments fail and we affirm the trial court's decision to include all the welfare fraud convictions in Gatten's offender score.

As a general rule, the constitutional validity of prior convictions may not be challenged during sentencing. *State v. Jones*, 110 Wn.2d 74, 77, 750 P.2d 620 (1988). As our Supreme Court states in *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986):

> [A] defendant has no right to contest a prior conviction at a subsequent sentencing. To allow an attack at that point would unduly and unjustifiably overburden the sentencing court. The defendant has available, more appropriate arenas for the determination of the constitutional validity of a prior conviction.

An exception to this general rule is where the prior conviction is constitutionally invalid on its face. *Ammons*, 105 Wn.2d at 187-88. "The defendant, and not the State, 'bears the burden of establishing the unconstitutionality of his or her prior convictions at such a proceeding.'" *State v. Thompson*, 143 Wn. App. 861, 866, 181 P.3d 858, *review denied*, 164 Wn.2d 1035 (2008) (quoting *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 368, 759 P.2d 436 (1988)).

When determining whether a prior conviction is invalid on its face, the trial court may consider the judgment and sentence and other documents that qualify as "the face of the conviction." *Thompson*, 143 Wn. App. at 866 (quoting *State v. Gimarelli*, 105 Wn. App. 370, 377, 20 P.3d 430, *review denied*, 144 Wn.2d 1014 (2001)). When the defendant has entered a guilty plea, the face of the conviction includes "documents signed as part of a plea agreement." *Thompson*, 143 Wn. App. at 867 (citing *State v. Phillips*, 94 Wn. App. 313, 317, 972 P.2d 932 (1999); *State v. Davis*, 47 Wn. App. 91, 94, 734 P.2d 500 (1987); *State v. Bembry*, 46 Wn. App. 288, 291, 730 P.2d 115 (1986)). The trial court must be able to make a clear determination of the constitutional invalidity of the prior conviction based on the judgment and sentence and plea

agreement documents, otherwise the prior conviction is not facially invalid. *Ammons*, 105 Wn.2d at 188-89. Any time "the trial court would have to go behind" the face of the conviction, the defendant has not met his or her burden to demonstrate the facial invalidity of prior conviction. *Ammons*, 105 Wn.2d at 189. Even where a guilty plea could be unconstitutional, it is not facially invalid unless the trial court can conclusively make such a determination based on the face of a guilty plea. *Thompson*, 143 Wn. App. at 867-68; *see also Ammons*, 105 Wn.2d at 189.

Here, Gatten cannot meet her burden to demonstrate that her prior convictions were invalid on their face. First, she argues that the plea agreement is constitutionally invalid because the trial court did not complete the section of the plea form indicating that Gatten read the document or that the document was read to her. Although this *may* indicate that the plea was constitutionally invalid, the trial court cannot conclusively determine that the plea was constitutionally invalid without going behind the plea document. Therefore, Gatten has not met her burden to prove that the welfare fraud convictions are constitutionally invalid on their face. *See Ammons*, 105 Wn.2d at 189; *Thompson*, 143 Wn. App. at 867-68.

Gatten also cannot meet her burden to prove that her welfare fraud convictions violate double jeopardy. To determine whether the welfare fraud convictions violate double jeopardy, the trial court would be required to determine the appropriate unit of prosecution for welfare fraud and then apply the unit of prosecution to the facts underlying Gatten's welfare fraud convictions. Such an analysis of prior convictions is clearly inappropriate for a trial court at a subsequent sentencing hearing. Furthermore, such an analysis requires the trial court to go far beyond the face of the plea agreement and judgment and sentence. *See Ammons*, 105 Wn.2d at

No. 44171-3-II

187-89. Accordingly, Gatten has failed to meet her burden to show that her prior convictions for welfare fraud are constitutionally invalid on their face due to a double jeopardy violation. Accordingly, the trial court did not err by including Gatten's welfare fraud convictions in her offender score.

B. FIRST DEGREE THEFT CONVICTION

Gatten also argues that the trial court erred by including her first degree theft conviction in her offender score because the conviction had previously been found to be the same criminal conduct as her welfare fraud convictions. The State concedes that the trial court erred. RCW 9.94A.525(5)(a)(i) states that "[p]rior offenses which were found . . . .to encompass the same criminal conduct shall be counted as one offense." Therefore, the State properly concedes error. We remand for the trial court to strike the one point included in Gatten's offender score based on the first degree theft conviction and resentence Gatten.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, P.J.

_____
Maxa, J.

5