IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>  v.<br><br>ZAKEE JORDAN SHAKIR,<br><br>     Appellant. | No. 80562-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

   SMITH, J. — Zakee Shakir appeals his sentence for first degree unlawful possession of a firearm. He asserts that the trial court erred by not specifying that his legal financial obligations (LFOs) could not be satisfied from Social Security benefits, despite a lack of any evidence that he currently receives such benefits. In a statement of additional grounds (SAG), Shakir appeals the firearm registry requirement of his sentence. He also contends that the trial court incorrectly calculated his offender score because it included points from a charge that counsel wrongly advised him to plead guilty to. We hold that the trial court did not err with respect to any of these claims. Accordingly, we affirm.

FACTS

   Shakir was charged with two counts of second degree assault with a deadly weapon and one count of first degree unlawful possession of a firearm. Shakir pleaded guilty to the firearm possession charge in exchange for the State's agreement to dismiss the assault charges. The parties presented an agreed recommendation for a 47.5-month sentence based on an offender score

Citations and pin cites are based on the Westlaw online version of the cited material.

of 5. Shakir only opposed the State's recommendation that he be required to register as a firearm offender.

Before sentencing, Shakir brought a motion to recalculate his offender score. Shakir asserted that some of his points were from charges that were not supported by facts and that his attorney had misled him to plead guilty to these charges. In response, the State contended that Shakir was violating the terms of his plea agreement by bringing his motion, and the State increased its recommendation to 54 months in prison. The trial court denied Shakir's motion and imposed a sentence of 50 months. The trial court also imposed the felony firearm registration and the $500 victim penalty assessment. Shakir appeals.

ANALYSIS

Payment of LFOs With Social Security Benefits

For the first time on appeal, Shakir asserts that the income withholding provision of his judgment and sentence must be modified to indicate that no LFOs may be satisfied by Social Security benefits. We disagree.[1]

We review a court's imposition of LFOs for an abuse of discretion. State v. Clark, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). Discretion is abused if "it

---

[1] Although under RAP 2.5(a) we are not required to reach unpreserved issues on appeal, we exercise our discretion to do so here. See State v. Glover, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018) (We "regularly exercise [our] discretion to reach the merits of unpreserved LFO arguments."). Furthermore, we reject the State's contention that this issue is unripe. A claim is ripe for review if "'the issues are primarily legal, do not require further factual development, and the challenged action is final.'" State v. Blazina, 182 Wn.2d 827, 832 n.1, 344 P.3d 680 (2015) (internal quotation marks omitted) (quoting State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008)). The question of whether Shakir is entitled to the relief he is requesting without a showing that he currently receives Social Security benefits meets these criteria.

is manifestly unreasonable or based on untenable grounds or reasons. . . . Stated differently, the court's exercise of discretion is unreasonable when it is premised on a legal error." State v. Ramirez, 191 Wn.2d 732, 741, 426 P.3d 714 (2018).

Social Security funds may not be garnished for the payment of LFOs. 42 U.S.C. § 407 ("[N]one of the moneys paid or payable . . . under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process."). In State v. Catling, our Supreme Court held that a trial court's order that an indigent defendant pay $25 per month to satisfy LFOs violated § 407 where the defendant's only income was Social Security disability benefits. 193 Wn.2d 252, 262-64, 438 P.3d 1174 (2019). It remanded for the trial court to specify in its order that no Social Security funds could be used to satisfy the LFOs. Catling, 193 Wn.2d at 264.

Similarly, in State v. Dillon, we reviewed the imposition of LFOs on an indigent defendant whose sole source of income was Social Security disability funds. 12 Wn. App. 2d 133, 153, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020). We remanded to the trial court with directions to amend the judgment and sentence to indicate that LFOs could not be satisfied out of funds subject to § 407. Dillon, 12 Wn. App. 2d at 153.

In this case, however, there is no indication that Shakir receives Social Security benefits. The trial court did not set a payment schedule that would run afoul of § 407, as in Catling, but instead left the determination of a payment schedule to the discretion of Shakir's community corrections officer. Because

3

there is little danger that the court's order will be interpreted to violate § 407, we cannot say that the trial court abused its discretion.[2]

## Firearm Registry Requirement

In his SAG, Shakir asserts that the trial court erred when it imposed the firearm registry requirement. Because the trial court did not abuse its discretion in ordering this condition, we affirm.

The question of whether to impose a firearm registry requirement is left to the trial court's discretion. RCW 9.41.330(1). We review a trial court's discretionary decision for abuse of discretion. State v. Miller, 159 Wn. App. 911, 918, 247 P.3d 457 (2011).

In determining whether to impose the registration requirement, the court is required to consider all relevant factors, including "(a) [t]he person's criminal history; (b) [w]hether the person has previously been found not guilty by reason of insanity of any offense . . . ; and (c) [e]vidence of the person's propensity for violence that would likely endanger persons." RCW 9.41.330(2). The court is not required to explicitly articulate its reasoning on the record for imposing this requirement. RCW 9.41.330.

The record indicates that the trial court reasonably considered the above factors in deciding to impose the registration requirement. Shakir's criminal history includes multiple assault charges and firearm charges. At the sentencing hearing, the court acknowledged this, stating, "You have quite a bit of very

---

[2] We note our decision does not prevent Shakir from asking the trial court to amend his sentence in the future.

serious criminal history.  Guns have played a role in your prior criminal history. . . . I'm going to impose the felony firearm registration in light of the fact that this is not your first UPFA [(unlawful possession of a firearm)]."  The felony judgment and sentence reflected that before ordering the registration requirement, the court "considered relevant factors, including criminal history, propensity for violence endangering persons, and any prior [not guilty by reason of insanity] findings."  Therefore, it appears that the trial court considered the statutorily required factors and that Shakir's criminal history supports the court's conclusion.

Shakir asks that we consider his conduct during arrest as indicating that he poses no threat to police.  He references his argument before the trial court that the purpose of the firearm registry statute was to help ensure the safety of law enforcement officers.  However, this information was before the trial court, and there is nothing to indicate that the court did not consider Shakir's behavior toward law enforcement or that this information would necessarily compel a certain outcome.  We therefore cannot conclude that the trial court abused its discretion in requiring Shakir to register as a firearm offender.

Offender Score Calculation

Also in his SAG, Shakir asserts that the trial court incorrectly calculated his offender score because his score includes points from convictions that he claims counsel wrongly advised him to plead guilty to.  He asserts that this plea is unconstitutional on its face and that therefore the trial court erred in including it in sentencing.  We disagree.

5

We review a sentencing court's calculation of an offender score de novo. State v. Moeurn, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). We also review constitutional issues de novo, including whether a guilty plea is intelligent and voluntary. State v. Harris, 4 Wn. App. 2d 506, 512, 422 P.3d 482 (2018).

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the court examines a defendant's prior convictions to determine an offender score, which is then used to determine the defendant's standard sentencing range. RCW 9.94A.525, .530. The State has the burden to establish these prior convictions by a preponderance of the evidence, but it is not required to establish the underlying constitutional validity of those convictions. State v. Jones, 110 Wn.2d 74, 77, 750 P.2d 620 (1988). Generally, the constitutional validity of a prior conviction is not subject to challenge in a sentencing proceeding because this would be an unjustifiable burden on the sentencing court. Jones, 110 Wn.2d at 77.

However, an exception prevents the court from considering a prior conviction at sentencing if the defendant can establish that the conviction is "'[c]onstitutionally invalid on its face.'" State v. Thompson, 143 Wn. App. 861, 866, 181 P.3d 858 (2008) (alteration in original) (quoting State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986)). A conviction is constitutionally invalid on its face if "without further elaboration [it] evidences infirmities of a constitutional magnitude." Ammons, 105 Wn.2d at 188. When a conviction was obtained by a guilty plea, the face of the conviction includes those documents signed as part of the plea agreement. Thompson, 143 Wn. App. at

867.  If a clear determination of constitutional invalidity cannot be made from these documents, the conviction is not facially invalid.  Thompson, 143 Wn. App. at 867.

To be constitutional, a guilty plea must be made intelligently and voluntarily.  State v. Robinson, 172 Wn.2d 783, 790, 263 P.3d 1233 (2011).  "In the absence of a sufficient factual basis, a defendant's plea cannot be considered voluntary."  In re Pers. Restraint of Evans, 31 Wn. App. 330, 332, 641 P.2d 722 (1982).  Furthermore, faulty advice from a defense attorney can render a defendant's guilty plea involuntary or unintelligent.  State v. Sandoval, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011).

Here, the challenged convictions stem from an incident in which Shakir was arrested with two firearms on February 14, 2011, and subsequently charged with malicious mischief, felony harassment, and two counts of unlawful possession of a firearm.  He ultimately pleaded guilty to malicious mischief, one count of unlawful possession of a firearm on February 14, and the other count on February 13.  The change in dates had the effect of precluding the charges from being considered the "same criminal conduct" under RCW 9.94A.589 and therefore caused each charge to be counted as a separate point in Shakir's offender score.  See RCW 9.94A.525(5)(a)(i) ("Prior offenses which were found, under RCW 9.94A.589(1)(a), to encompass the same criminal conduct, shall be counted as one offense.").  Shakir told the trial court that his lawyer in the 2011 case never told him he was pleading to charges on both February 13 and 14.  He further denied that he had a gun on February 13.

However, on the 2011 guilty plea form, Shakir signed a statement claiming that he knowingly possessed a firearm on February 13 and again on February 14. The amended information matched these dates. Shakir's signed statement is a sufficient factual basis to support the voluntariness of his guilty plea. Furthermore, while being misinformed by defense counsel could potentially render a guilty plea constitutionally invalid, there was no basis in the plea documents for the sentencing court here to determine whether this was the case. Because the guilty plea is not constitutionally invalid on its face, the sentencing court did not err in using the 2011 convictions for sentencing.

We affirm.

_____

WE CONCUR:

_____          _____