IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34175-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LORENZO ALEX CAMPOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Lorenzo Campos appeals his sentence resulting from convictions

for felony violation of a protection order, tampering with a witness, and three gross

misdemeanor violations of a protection order. He contends that the trial court errantly

refused to consider an exceptional sentence downward, and the trial court erroneously

imposed community custody beyond his maximum sentence. We reject his first

argument, but accept his second argument. We remand for resentencing.

FACTS

The issues on appeal only concern the sentencing of appellant Lorenzo Campos.

We briefly describe, however, the crimes for which the jury found him guilty.

Brenda Dominguez, the crime victim, is the mother of Lorenzo Campos' daughter. On February 14, 2014, Campos received service of a no-contact order prohibiting contact with Dominguez for two years. On December 12, 2015, Dominguez rested at her apartment with Campos and Dominguez's roommate, Gloria DelAngel, present. DelAngel is the sister of Campos. Dominguez and Campos argued about a cell phone. Olivia Rocha, the neighbor living in the apartment upstairs, heard yelling, fighting, screaming, and Dominguez repeating "Stop. You are hurting me." Report of Proceedings (RP) (Feb. 22, 2016) at 43. Rocha called the police.

Kennewick Police Officer Scott Peterson responded to Brenda Dominguez's apartment as a result of the domestic disturbance call. Officer Peterson observed a crying, visibly shaken, and frightened Dominguez. Dominguez told Peterson that she fought with Lorenzo Campos, the altercation escalated, and Campos "put his hands on" her. RP (Feb. 22, 2016) at 65. Dominguez suffered multiple large bruises. Officer Peterson arrested Campos and placed him in jail. At the time of the altercation, Campos was age nineteen, and Dominguez was age twenty-two.

## PROCEDURE

The State of Washington charged Lorenzo Campos with one felony violation of a postconviction protection order. While in jail, Campos phoned Brenda Dominguez on at least three occasions. During one call, Campos directed Dominguez not to speak with

2

anyone at the court. The State added charges against Campos of tampering with a witness and three gross misdemeanor violations of a postconviction protection order based on the phone calls. A jury found Campos guilty on all counts.

Lorenzo Campos filed a presentence report and memorandum wherein he calculated the standard sentencing range at sixty months, but requested an exceptional sentence downward of twenty-four months of incarceration and twelve months of community custody. Campos contended that Brenda Dominguez willingly participated in the fight, and he emphasized that his youth interfered with his ability to understand the consequences of his conduct.

During the sentencing hearing, the trial court announced that it read Lorenzo Campos' presentence report and memorandum. Campos reiterated his argument that mitigating factors applied including his age, immaturity, lack of experience, and Dominguez's willing participation. The trial court sentenced Campos to sixty months' incarceration for the felony violation of the protection order, twenty-two months for tampering with a witness, and three hundred and sixty-four days each for the three counts of gross misdemeanor violation of a protection order, with the sentences running concurrently.

## LAW AND ANALYSIS

### Exceptional Sentence Downward

3

Lorenzo Campos contends the trial court abused its discretion when failing to meaningfully consider youthfulness as a mitigating factor justifying an exceptional downward sentence. The State responds that the trial court considered and denied the defendant's request for an exceptional sentence. We agree with the State.

The trial court sentenced Lorenzo Campos within the standard range. RCW 9.94A.585(1) declares: "A sentence within the standard sentence range . . . for an offense shall not be appealed." Based on this statute, a sentence within the standard range is not subject to appellate review. *State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796 (1986). The requirement that a trial court "set forth the reasons for its decision in written findings of fact and conclusions of law" is limited by the legislature to sentences outside the standard sentence range. RCW 9.94A.535. The effect of a standard range sentence is to create a presumption that the court properly exercised its discretion. *State v. Ammons*, 105 Wn.2d at 183.

Despite this nearly uncompromising rule, a defendant may appeal the procedure the trial court followed when imposing a sentence. *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). Failure to consider an exceptional sentence is reversible error. *State v. Grayson*, 154 Wn.2d at 342.

4

The trial court may impose an exceptional sentence below the standard range if it finds mitigating circumstances by a preponderance of the evidence. RCW 9.94A.535(1). A defendant's youth is a possible mitigating factor for a court to consider when deciding whether to impose an exceptional sentence. *State v. O'Dell*, 183 Wn.2d 680, 689, 358 P.3d 359 (2015).

When a defendant requests an exceptional sentence, our review is limited to circumstances when the trial court refused to exercise discretion at all or relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Impermissible bases for declining a request for an exceptional sentence include race, sex, or religion. *State v. Garcia-Martinez*, 88 Wn. App. at 330. A court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances. *State v. Garcia-Martinez*, 88 Wn. App. at 330.

*State v. Grayson*, 154 Wn.2d 333 (2005) illustrates a trial court's categorical refusal to impose an exceptional sentence. John Grayson requested a drug offender sentencing alternative (DOSA) as part of his sentence for delivery of crack cocaine, but the trial court denied the request stating:

> The motion for a DOSA . . . is going to be denied. *And my main reason for denying [the DOSA] is because of the fact that the State no longer has money available to treat people who go through a DOSA program.*
> So I think in this case if I granted him a DOSA it would be merely to

5

the effect of it cutting his sentence in half. I'm unwilling to do that for this purpose alone. There's no money available. He's not going to get any treatment; it's denied.

*State v. Grayson*, 154 Wn.2d at 337 (alterations and emphasis in original). Our Supreme Court held that the trial court abused its discretion when it refused to impose a DOSA sentence because the lower court failed to consider a statutorily authorized sentencing scheme, regardless of its suitability for the particular defendant.

Lorenzo Campos' sentencing court did not categorically refuse to exercise its discretion by sentencing Campos within the standard range. The trial court gave no indication it would deny all requests for exceptional sentences below the standard range. The court did not rely on an impermissible basis in denying his request for an exceptional sentence. The trial court considered the request for an exceptional sentence when it read Campos' presentence report and heard argument from Campos during sentencing. Campos does not provide any evidence that the trial court refused to consider his request for an exceptional sentence. We may encourage the trial court to expressly state reasons for denying a request for an exceptional sentence downward, but the law does not require such. The trial court implicitly denied the request when the court imposed a standard range sentence of sixty months.

Community Custody

Lorenzo Campos contends that the trial court erred in imposing twelve months of community custody because his sentence, including community custody, exceeded the

6

statutory maximum for the crime. The State concedes this issue, and this court accepts

the State's concession.

A trial court may impose only sentences that statutes authorize. *State v. Albright*,

144 Wn. App. 566, 568, 183 P.3d 1094 (2008). RCW 9.94A.701(9) provides:

> The term of community custody specified by this section shall be
> reduced by the court whenever an offender's standard range term of
> confinement in combination with the term of community custody exceeds
> the statutory maximum for the crime as provided in RCW 9A.20.021.

An assault violation of a protection order is a class C felony with a sixty month

maximum sentence. RCW 26.50.110(4); RCW 10.99.050(2); RCW 9A.20.021(1)(c).

The trial court ordered Lorenzo Campos to serve sixty months of incarceration and

twelve months of community custody. The trial court should have reduced the

community custody term to zero months so that the combined term of incarceration and

community custody did not exceed sixty months. Although the jury convicted Campos of

additional crimes, his confinement cannot exceed sixty months because the trial court did

not order exceptional consecutive sentences. RCW 9.94A.589. This court should

remand to the trial court to strike the term of community custody.

## CONCLUSION

We remand this appeal to the trial court to strike the requirement of community

custody. Otherwise, we affirm Lorenzo Campos' sentence.

7

No. 34175-5-III
*State v. Campos*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

8