902 P.2d 651 (1995)
127 Wash.2d 592
The STATE of Washington, Respondent,
v.
Melvin HURD, Appellant.
No. 62790-8.
Supreme Court of Washington, En Banc.
September 21, 1995.
Melvin Hurd, Renton, pro se.
Norm Maleng, King County Prosecutor, Nancy C. Zaragoza, Deputy, Seattle, for respondent.
PER CURIAM.
Melvin Hurd was convicted in district court of negligent driving. He appealed. At the hearing on the RALJ appeal, he informed the court that he had not received the State's brief, whereupon a brief was provided to him. He then requested a continuance to prepare and submit a reply brief. The court refused to grant a continuance, but allowed Hurd some time to read the State's brief. The hearing was completed later the same day. The superior court affirmed the conviction.
Hurd unsuccessfully sought discretionary review by the court of appeals. We granted discretionary review.
RALJ 7.1 provides:
Each party shall file a brief. A superior court may order a party to file additional briefs or may order that the requirement to file briefs be waived. An appellant may file a reply brief as a matter of right.
We agree that the last sentence, added in 1990, "makes clear that a reply brief is allowed as a matter of right." 4A Lewis H. Orland & Karl B. Tegland, Washington Practice, Rules Practice Rule 7.1 cmt. at 143 (4th ed. 1995 Supp.). Under RALJ 7.1 an appellant is not required to justify a request to submit a reply brief, nor to establish prejudice resulting from the denial of the right to file a reply brief.
Denial of a continuance is reviewed under the abuse of discretion standard. PUD No. 1 v. International Ins. Co., 124 Wash.2d 789, 813, 881 P.2d 1020 (1994). The facts surrounding the court's denial of the continuance in this case show that the court abused its discretion. The State received Hurd's appellant's brief, but it was routed to *652 the wrong unit in the prosecutor's office. Consequently, the State was late in filing its own brief, and asked for and was granted a continuance to prepare and file the brief. The State did not mail a copy of its brief to Hurd until the day before the scheduled RALJ hearing. When Hurd informed the court he had not received the brief, and then requested a continuance to allow time to prepare and file a reply brief, the court denied the request.
The court offered no explanation for its ruling. The effect of the court's refusal to grant a continuance was the denial of Hurd's RALJ 7.1 right to file a reply brief. Denying the continuance accordingly constituted an abuse of discretion. In light of the facts here, we need not address the propriety of denying a continuance where an emergency allegedly justifies limiting the RALJ 7.1 right to file a reply brief.
The superior court's decision is vacated. This matter is remanded to superior court, which is directed to allow Hurd to file a reply brief in accord with RALJ 7.1 before conducting a new hearing on his appeal.