# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | No. 73657-4-I |
| | ) | |
| v. | ) | |
| | ) | |
| DERICK OWUSU, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | FILED: October 2, 2017 |
| | ) | |

2017 OCT -2 AM 9: 51
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

DWYER, J. — Derick Owusu appeals from the judgment entered on a jury's verdicts finding him guilty of three counts of identity theft in the first degree. On appeal, Owusu contends that three trial court judges erred by denying his request for a continuance of the trial date. Owusu also contends that the sentencing court erred by imposing sentences to be served consecutively to the sentences imposed on convictions in another cause.

We conclude that the judges properly exercised their discretion in denying Owusu's continuance requests because he had previously been granted two continuances, he had repeatedly requested continuances on the ground that he was not prepared for trial, and the State's witnesses would not have been available had the trial been further continued. We further conclude that Owusu does not carry his burden of showing that the prior convictions at issue are facially invalid. Accordingly, we affirm.

I

This matter involves one of four criminal causes filed against Owusu. In this cause (No. 12-1-02366-9), Owusu was charged in May 2012 and arraigned in May 2013. Trial was originally scheduled for May 2014. The original trial date was continued several times upon requests by the State and Owusu's counsel.

During this time, Owusu sought to represent himself and, in October 2014, with trial scheduled for early December, his request was granted.

In early December, the State requested a continuance of the trial date until late January 2015 due to witness unavailability. Owusu, appearing on his own behalf, acknowledged that he was not then prepared to go to trial. The trial court granted the State's request and continued the trial date to January 26, 2015.

Nearly three weeks later, Owusu requested a trial continuance until late February in order to allow himself "more time to prepare for trial." The trial court granted his request and set a new trial date of February 23, 2015.

Then, in early February, Owusu again requested that the trial be continued, asking for a "month and a half" in order to review electronic discovery in a format that he could access while in jail and to allow him to conduct additional research. The State interjected that its witnesses might not be available if the trial was scheduled for late April. The trial court granted Owusu a two-month continuance, to April 15.

On April 10, five days before trial, the parties appeared before the Honorable Dean S. Lum for an omnibus hearing. At the beginning of the hearing, Owusu requested another continuance—again for two months—until June 10.

He claimed to have discovered "falsified charges" while reviewing discovery and stated that "the cases seem very complex" and that "none of my briefings for the other counsel" were "filed or even prepared."[1]

The State indicated that it was prepared to go to trial on April 15, that it anticipated that the trial would last one and a half weeks, and that, if the trial was continued until May, its witnesses would be unavailable that month.

Judge Lum denied Owusu's request, stating:

Mr. Owusu, actually, we've known each other for a long time, actually.[2] And so I respect the fact that, you know, you are interested in cases, obviously, and, you know, I respect that. I respect that you've work[ed] hard on your cases. I know you have, you know? And so you and I always had a good relationship, you know. Obviously, I wish we would -- wish we had met under different circumstances, but, you know, you and I, I think, have a good relationship. So I respect the -- the fact that you -- you know, you do want more time.

But I think there are some issues that, you know, are coming up that I think it's -- it's time for you to go ahead and file your motions and get ready to go to trial.

Five days later, on April 15, the parties appeared before the Honorable Regina S. Cahan for trial assignment. Owusu again moved for a continuance, stating that he had not had time to prepare for the trial and that he wished to subpoena the State's witnesses.[3] The State replied that all 25 of its anticipated

---

[1] Around this time, Owusu was representing himself in the trial for cause number 14-1-02092-5 SEA, which had been continued until early April 2015 in order to give Owusu additional time to prepare. That trial lasted four days.

[2] Judge Lum was the trial court judge assigned to preside over the trial in another of Owusu's causes, No. 14-1-01308-2 SEA, occurring in October 2014.

[3] Owusu also argued to Judge Cahan that a continuance was necessary because he had been in trial for the "past two months." As mentioned, Owusu represented himself during the trial on cause number 14-1-02092-5 SEA and the trial therein lasted only four days—rather than two months—and Owusu had been given a two-month continuance prior thereto in order to prepare for that trial.

witnesses were currently available on the scheduled trial date and that any further delay would result in not all of its witnesses being available.

After reviewing Judge Lum's notes, Judge Cahan stated:

All right. I'm going to deny the motion. This needs to go out for trial. This is going out for trial today. This has been continued, repeatedly, and I don't see -- I don't hear any good cause basis to continue it again.
. . . .
And I understand that there would be witness problems if we continued it further. And by the notes, it's been continued for months. So this is one of the issues when you go pro se. This is what -- you know, at some point, you got to go to trial and you got to be prepared. So I am -- I am denying the continuance.

The parties then reported to the Honorable Palmer Robinson for trial. Owusu again requested a continuance, stating that he was not prepared for the trial, that he needed to subpoena the State's witnesses, and that he required an expert witness. Judge Robinson asked Owusu whether this was the same argument that he had made to Judge Cahan. Owusu acknowledged that it was.

Judge Robinson denied Owusu's request, explaining, "I'm not going to revisit . . . Judge Cahan's ruling on essentially the same facts."

The State proceeded to try Owusu, upon amended information, on three counts of identity theft in the first degree. The jury returned verdicts finding Owusu guilty as charged. The court imposed standard-range sentences to run consecutively to the sentences imposed on convictions in another of Owusu's causes in King County Superior Court (No. 14-1-01308-2 SEA).

Owusu now appeals.

II

Owusu contends that the trial court erred by denying his requests for a continuance. We disagree.

In criminal cases, "the decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court." State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004) (citing State v. Miles, 77 Wn.2d 593, 597, 464 P.2d 723 (1970)). Thus, we review a trial court's decision to deny a motion for a continuance under an abuse of discretion standard. Downing, 151 Wn.2d at 272 (citing State v. Hurd, 127 Wn.2d 592, 594, 902 P.2d 651 (1995); Skagit Ry. & Lumber Co. v. Cole, 2 Wash. 57, 62, 65, 25 P. 1077 (1891)). We will not disturb the trial court's decision unless the appellant "makes 'a clear showing . . . [that the trial court's] discretion [is] manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Downing, 151 Wn.2d at 272-73 (alterations in original) (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

"In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." Downing, 151 Wn.2d at 273 (citing State v. Eller, 84 Wn.2d 90, 95, 524 P.2d 242 (1974); RCW 10.46.080; CrR 3.3(f)). Additionally, good faith is an essential component of an application for a continuance. State v. Edwards, 68 Wn.2d 246, 258, 412 P.2d 747 (1966). "If it is manifest that the request for recess or continuance is designed to delay, harry, or obstruct the orderly process of the trial, or to take the prosecution by

surprise, then the court can justifiably in the exercise of its discretion deny it."
Edwards, 68 Wn.2d at 258.

Pro se litigants are held to the same standards as attorneys. State v. Bebb, 108 Wn.2d 515, 524, 740 P.2d 829 (1987).

Owusu has not demonstrated that the trial court rulings were "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Downing, 151 Wn.2d at 272-73 (quoting Carroll, 79 Wn.2d at 26). First, Owusu has not shown that Judge Lum erred by denying his third request for a continuance. By the time that Owusu submitted his third request for a continuance on April 10, Owusu had been representing himself for nearly six months. The trial date had been continued twice at Owusu's request—for a total of five months—for the stated purpose of allowing him to review discovery, conduct research, and prepare his filings. Moreover, Owusu's request was made a mere five days before trial was scheduled to begin, the State was prepared for trial, the State's 25 witnesses were available for trial, and some of the State's witnesses were unavailable the following month. Furthermore, Owusu's stated reason was—again—that he was not prepared for trial. Because Owusu's third request for a continuance would have disrupted the orderly process of the trial (particularly by creating witness availability problems) and was premised on the same or similar ground as had been his prior requests, Judge Lum did not err by denying his request.

Second, Owusu does not show that Judge Cahan erred by denying his fourth request for a continuance. As stated by Judge Cahan after reviewing

Judge Lum's notes, Owusu had previously received multiple continuances and there would be issues with witness availability if the trial date were further continued. Judge Cahan did not abuse her discretion by denying Owusu's continuance request.

Third, Owusu does not demonstrate that Judge Robinson improperly denied his fifth request for a continuance. Rather, Judge Robinson properly denied Owusu's request on the ground that it was made on the same basis as the request that had been denied earlier that day by Judge Cahan. Judge Robinson did not abuse her discretion by, essentially, adopting Judge Cahan's reasoning as her own.

There was no error.

### III

Owusu next contends that the sentencing court erred both by imposing sentences to be served consecutively to the sentences imposed on to the convictions in cause number 14-1-01308-2 SEA and by considering the prior convictions in calculating his offender score at sentencing in this cause. The trial court erred, he contends, because the convictions in the prior cause were entered in violation of his right to self-representation. Owusu's claim fails.

To challenge a prior conviction at a subsequent sentencing, a defendant must demonstrate that the challenged conviction is constitutionally invalid on its face. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). A collateral attack of this type is limited because "[t]he defendant has available, more appropriate arenas for the determination of the constitutional

validity of a prior conviction." Ammons, 105 Wn.2d at 188. Indeed, "[t]he defendant must use established avenues of challenge provided for post-conviction relief." Ammons, 105 Wn.2d at 188.

Owusu has failed to carry his burden of demonstrating that the challenged prior convictions are facially invalid. The record before us does not contain any documents relating to those convictions and there is no indication that the convictions "without further elaboration evidence[] infirmities of a constitutional magnitude." Ammons, 105 Wn.2d at 188.

Moreover, pursuant to our decision in State v. Owusu, No. 72851-2-I, slip op. (Wash. Ct. App. Oct. 2, 2017), Owusu does not establish that the convictions in cause number 14-1-01308-2 SEA were entered in violation of his right to self-representation.

There was no error.

Affirmed.

We concur:

- 8 -