IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CIMONE SILVERIO DE BASTOS,<br><br>　　　　　　Respondent,<br><br>　　　v.<br><br>DEAN SCOTT DRAGO,<br><br>　　　　　　Appellant. | DIVISION ONE<br><br>No. 80592-4-I<br><br>UNPUBLISHED OPINION |

LEACH, J. — Dean Drago appeals a domestic violence protection order entered against him for his former wife Cimone Bastos and her two children, which includes the parties' ten-year-old son. Drago claims the trial court should have granted his request for a continuance to obtain an attorney. He argues he had a fundamental right to a continuance to obtain an attorney under article 1, section 10 of the Washington State Constitution. But, his request for continuance was confusing, and he ultimately indicated he wished to proceed with the hearing. Drago fails to show a violation of article 1, section 10 or an abuse of discretion in the trial court's decision to proceed with the hearing.[1] We affirm.

---

[1] Counsel for Drago did not serve Bastos with filings in this court at her address disclosed in trial court. On September 4, 2020, after this case had been set for consideration, Bastos filed a notice of appearance and a declaration informing this court she had not been served and was not aware of this appeal until August 31, 2020. By ruling of September 8, 2020, this court directed Drago's counsel to serve all appellant's filings on appeal on Bastos at the address provided in her notice of appearance. In light of the outcome of this appeal, we determined a response brief from Bastos was unnecessary.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Bastos and Drago met in Brazil. They have a ten-year-old son together. At the time of entry of the protection order at issue, they had just divorced.

Drago has a history of serious assault against Bastos. In November 2008, Drago, then 49 years old, pleaded guilty to felony second degree assault domestic violence committed against Bastos who was then 22 years old. According to the certification for determination of probable cause, Drago physically and sexually assaulted Bastos and strangled her into unconsciousness. His judgment and sentence included a no-contact order to protect Bastos for 10 years. The protection order expired on December 12, 2018.

On August 28, 2019, Bastos filed a petition for a domestic violence protection order against Drago in King County Superior Court. Bastos later filed an amended petition. But the amended petition, which was expressly considered by the trial court for its decision, is not in the record because Drago did not designate it as part of the record on review.[2] In her original petition, Bastos alleged Drago had been stalking her and that he called and threatened to kill her fiancé the day before the filing of her petition threatening her fiancé was "dead." On August 28, 2019, the trial court entered a temporary protection order and set a hearing for September 11, 2019.[3]

---

[2] The trial court docket also shows a declaration filed by Bastos and a Renton Police report. The police report was mentioned by the trial court at hearing. These documents are not in the record provided by Drago.

[3] The trial court later issued an order modifying the temporary protection order. The modified order is not in the record provided by Drago. Drago does not cite the Domestic Violence Prevention Act chapter 26.50 RCW under which the protection order was issued nor does he cite to case law under the act.

2

On September 11, 2019, the court conducted a hearing with a Portuguese language interpreter. Both Bastos and Drago appeared pro se. It appears Bastos requested the interpreter. Drago questioned the need for the interpreter stating he understood "perfect English." At the hearing, both parties presented conflicting testimony about what had happened. After the hearing, the court entered a one year domestic violence protection order against Drago that protects Bastos, the parties' ten-year-old son, and Bastos' younger daughter she has with her fiancé. The protection order suspended the parties' parenting plan while providing for four hours per week of supervised visitation with professional supervision to be obtained at Drago's expense.

ANALYSIS

Drago argues the domestic violence protection order should be reversed because the trial court erred in denying his request for a continuance to obtain an attorney. He contends he had a fundamental right to a continuance to obtain an attorney under article 1, section 10 of the Washington State Constitution and that the trial court abused its discretion in denying a continuance. Drago fails to show a violation of article 1, section 10 or an abuse of discretion.

First, Drago fails to show he had a fundamental right to a continuance, in order to obtain an attorney, in this case under article 1, section 10 of the Washington State Constitution, which provides: "Justice in all cases shall be administered openly, and without unnecessary delay." None of the cases relied

on by Drago mandates a continuance to secure an attorney in a civil case.[4]

Second, Drago fails to show an abuse of discretion in the trial court's decision to proceed with the hearing after he requested a continuance. Drago acknowledges whether to grant or deny a motion to continue a trial or a hearing is within the trial court's sound discretion.[5] The trial court's discretionary ruling will not be disturbed on review absent "a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[6] Drago argues the trial court should have continued the hearing because he repeatedly requested an attorney and expressed confusion about what was happening. He argues a continuance would not have prejudiced Bastos because the court could have simply extended the temporary protection order. He argues the hearing without a continuance to obtain an attorney resulted in "a limitation on his personal freedoms" and "a restriction and contraction of [his] custodial rights", regarding Bastos and their son.

Although Drago asked for a continuance, and later reminded the court about this, his request was confusing. He ultimately indicated he wished to proceed with the hearing. Drago initially requested a continuance to obtain a "criminal attorney" stating: "This has turned into a criminal case." The trial court asked Drago questions about why he believed the case had turned into a criminal case. Drago

---

[4] Powell v. Ala., 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932); Doe v. Puget Sound Blood Center, 117 Wn.2d 772, 780-81, 819 P.2d 370 (1991); King v. Olympic Pipeline Co., 104 Wn. App. 338, 348-68, 16 P.3d 45 (2000); 1519-1525 Lakeview Blvd. Condominium Ass'n v. Apartment Sales Corp., 101 Wn. App. 923, 933-37, 6 P.3d 74 (2000).
[5] State v. Miles, 77 Wn.2d 593, 597-98, 464 P.2d 723 (1970).
[6] In re Schuoler, 106 Wn.2d 500, 512, 723 P.2d 1103 (1986).

4

testified he had not been arrested or charged with any crime at this time. When asked whether he was under any criminal investigations, Drago stated he had just received a "temporary NCO for 14 days and then temporary hold of parenting plan." When asked whether he meant a temporary protection order entered in this case, Drago stated: "I believe so. I'm not positive because I'm not an attorney. That's why I'm asking for a continuance to get an attorney." The court explained the temporary protection orders entered in the case were "not criminal NCOs" but were "civil orders." The court then asked Drago to clarify the reason for his continuance request, and Drago stated he was going to file a criminal action. The court indicated a criminal action would not be a reason to continue the hearing:

| Court: | The issue in front of the Court is the petition for protection. You have asked for a continuance based on a criminal action but I can find nothing that is pending. And it sounds like you don't believe there is criminal action that has been filed against you. |
|--------|--------------------------------------------------------------------------------------------|
| Drago: | No. I'm going to be filing a criminal action. |
| Court: | I see. That wouldn't be a reason to continue this hearing. It's a separate matter entirely. |

Drago explained if he told the court about "the whole process, then the prosecution would know." He added he had "documentation of perjury" by Bastos. The court asked Drago if he wished to proceed with the hearing, reminding him of its limited time on the calendar that day, and after discussion with the court about the process Drago answered yes:

| Court: | So the question this morning is whether you want to go forward in responding to this petition? |
|--------|--------------------------------------------------------------------------------------------|
| Drago: | Is there a petition of me seeing my son in there? |

5

Court: The petition, which you got a copy of, describes the event that occurred on August 27, 2019. That, in part, forms the basis for the request to suspend your contact with your son.

Drago: Okay. The report that you have does not explain what happened on that day. It does not have one word about what I want to say about it. Everything in there is - - it's completely incomplete. It only has many false allegations. It has none of what I - - you know, my side of the story in there. So all you're reading is one side. You're not - - so you have no idea what the other side is because I didn't put one word of my side of the story into the report.

Court: That's why you're both sworn under oath, and this is your opportunity to describe your side of the story.

Drago: Okay.

Court: However, that being - -

Drago: The whole side?

Court: That being said, I do have other cases on the calendar, and you do have to be mindful of your time. Do you - -

Drago: Okay.

Court: Do you want to explain what you believe happened on that day?

Drago: Yes.

After providing confusing reasons for requesting a continuance, Drago indicated he wished to proceed with the hearing and presented his side of the story. Under these circumstances, the trial court did not abuse its discretion in proceeding with the hearing.

We find the cases cited by Drago distinguishable. They do not support his

6

abuse of discretion claim.[7]  Drago fails to show a constitutional violation or an abuse of discretion in the trial court's decision to proceed with the hearing.  We affirm.

_Leach, J._

WE CONCUR:

_Verellen, J_                    _Dwyer, J._

---

[7] State v. Woods, 143 Wn.2d 561, 579-81, 23 P.3d 1046 (2001); State v. Hurd, 127 Wn.2d 592, 593-94, 902 P.2d 651 (1995); Schuoler, 106 Wn.2d at 512-13; Miles, 77 Wn.2d at 597.