IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37865-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROGER DEAN LEWIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Roger Lewis appeals after being convicted of attempting to elude a police vehicle. He argues reversal is required because a law enforcement officer testified his driving was reckless and because his counsel was ineffective for failing to object to this testimony. He alternatively argues resentencing is required because his offender score includes convictions based on an unconstitutional statute. The State concedes that resentencing is required. We affirm Mr. Lewis's conviction and remand for resentencing.

FACTS

The State charged Roger Lewis with attempting to elude a police vehicle. The matter proceeded to a jury trial.

Deputy Sheriff Amber Tyler testified that she attempted to stop a green Dodge Dakota pickup on Interstate 90 after learning that its tabs were four-years expired. When she activated her patrol lights, the driver exited the freeway, slowed, let out a passenger, and then ran a red light, increased speed, and returned to the freeway.

Deputy Tyler testified that the driver, once on the freeway, consistently drove 20 miles per hour over the posted 60 mile per hour speed limit and repeatedly changed lanes without signaling and within close proximity to other cars. The State asked:

> Q. . . . In your experience, how would you categorize this type of driving?
> A. I would categorize it—
> [DEFENSE COUNSEL]: Objection. Speculation.
> THE COURT: Overruled.
> A. I would categorize it as reckless.
> Q. Did you feel the defendant was placing other members of the public in danger?
> A. Yes.
> Q. How so?
> A. By not signaling at the speeds at which we were driving, passing the other vehicles, and the way he was cutting off traffic as he was merging.
> . . . .
> Q. . . . At any point, did you have to terminate the pursuit?
> A. Yes.
> Q. Why is that?
> A. The vehicle exited onto Division in [downtown Spokane], and due to the amount of traffic and the way he was driving, it was too much of a danger to the public to continue.
> Q. Okay. And where was the pursuit ended?
> A. Division.

2

Report of Proceedings at 135-36.

Through various witnesses, the State presented evidence that the pickup's driver was Mr. Lewis. The defense theory of the case was mistaken identity. Mr. Lewis called an expert witness to testify about the likelihood of false eyewitness evidence.

The court instructed the jury on the law. The instructions repeatedly emphasized the role of the jury as factfinder. Jury instruction 1 informed the jury of its "duty to decide the facts in this case based upon the evidence presented . . . during this trial," and that "[y]ou are also the sole judges of the value or weight to be given to the testimony of each witness." Clerk's Papers (CP) at 20. Jury instruction 6 informed the jury that a witness with "special training, education, or experience may be allowed to express an opinion" but that it was "not, however, required to accept his or her opinion." CP at 27. The jury returned a verdict of guilty.

The trial court sentenced Mr. Lewis based on an offender score of 9+, which included three previous convictions for possession of a controlled substance and one previous conviction for conspiracy to possess a controlled substance.

No. 37865-9-III
*State v. Lewis*

ANALYSIS

A.    IMPERMISSIBLE OPINION CLAIM

Mr. Lewis argues his conviction must be reversed because Deputy Tyler provided an impermissible opinion of his guilt when she testified that his driving was reckless, which is an element of the crime of attempting to elude a police vehicle.

The State contends the issue was not preserved and is not reviewable as a manifest error affecting a constitutional right. We agree that the error was not preserved, but we conclude it is reviewable.

At trial, the State asked the deputy to categorize Mr. Lewis's driving. Although defense counsel objected, she objected that the question called for speculation, not for an improper opinion.

In general, we do not review unpreserved claims of error on appeal. RAP 2.5(a). One exception allows us to review a claim of "manifest error affecting a constitutional right." RAP 2.5(a)(3). Here, the claim of error affects a constitutional right: Impermissible opinion testimony of guilt violates the defendant's constitutional right to a jury trial, which includes the independent determination of the facts by the jury. *State v. Kirkman*, 159 Wn.2d 918, 927, 155 P.3d 125 (2007). Also, the claim of error is manifest: An explicit or almost explicit witness opinion on an ultimate issue of fact is reviewable as

4

a claim of manifest error. *Id.* at 936-37. The deputy's opinion that Mr. Lewis's driving was reckless was an explicit opinion on an ultimate issue of fact. We therefore address Mr. Lewis's claim that the opinion was an impermissible opinion of his guilt.

"Testimony in the form of an opinion or inferences otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." ER 704. Whether a permissible opinion of an ultimate issue of fact is also an impermissible opinion of guilt depends on the specific circumstances of each case. *State v. Demery*, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001) (plurality opinion). In determining whether testimony constitutes an impermissible opinion, courts review the following factors: (1) the type of witness involved, (2) the specific nature of the testimony, (3) the nature of the charge, (4) the type of defense, and (5) the other evidence before the trier of fact. *Id.* As illustrated by the following two cases, what often distinguishes a permissible opinion from an impermissible one is the extent to which the witness's opinion is based on observations that a trier of fact is capable of independently evaluating.

In *City of Seattle v. Heatley*, 70 Wn. App. 573, 576, 854 P.2d 658 (1993), an officer testified about the defendant's performance of field sobriety tests, including reciting the alphabet, counting backward, and performing balance tests. The officer then expressed his opinion that the defendant was obviously intoxicated. *Id.* We concluded

5

that the opinion was not an impermissible opinion of guilt, largely because the opinion was based on information jurors are capable of independently evaluating. *Id.* at 581-82.

In *State v. Quaale*, 177 Wn. App. 603, 607-08, 312 P.3d 726 (2013), *aff'd*, 182 Wn.2d 191, 340 P.3d 213 (2014), an officer testified that the defendant was impaired based on the results of a horizontal gaze nystagmus test. We concluded that the opinion was an impermissible opinion of guilt, largely because the opinion was based on information jurors are not capable of independently evaluating. *Id.* at 617.

We now discuss the *Demery* factors. Here, the opinion was given by a law enforcement officer. This risks a jury giving the opinion undue weight. But the nature of the testimony, the nature of the charge, and the facts supporting the opinion, all lent themselves to being easily understood by the jury. Jurors have personal experience driving cars and being in traffic. They are fully capable of deciding whether a driver is driving recklessly or not. Moreover, Mr. Lewis's defense was not that his driving was safe. His defense was that he was not the driver.

Applying the *Demery* factors, we conclude that Deputy Tyler's opinion that Mr. Lewis was driving recklessly was not an impermissible opinion of guilt. Rather, it was a permissible opinion based on her observations, made known to the jury, which the jury was fully capable of independently evaluating.

6

B. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Mr. Lewis argues he received ineffective assistance of counsel when counsel failed to object to the deputy's impermissible opinion that his driving was reckless. We reject this argument because, as explained above, the deputy's opinion was permissible.

C. RESENTENCING PURSUANT TO *BLAKE*

Mr. Lewis argues he should be resentenced because his possession-related convictions were included in his offender score. The State concedes that resentencing is necessary.

In *State v. Blake*, 197 Wn.2d 170, 186, 481 P.3d 521 (2021), our Supreme Court invalidated Washington's strict liability possession of a controlled substance statute. A prior conviction that is constitutionally invalid on its face may not be considered in a defendant's offender score during sentencing. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). We therefore remand this matter for the trial court to resentence Mr. Lewis with an offender score that excludes his three prior convictions for possession of a controlled substance and his conviction for conspiracy to possess a controlled substance.

No. 37865-9-III
*State v. Lewis*

Affirmed in part, remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                      Siddoway, J.

8