# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

KEVIN LAWRENCE BARBER,

Appellant.

No. 78776-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 12, 2019

APPELWICK, C.J. — Barber appeals his sentence for assault in the second degree with a firearm enhancement. The firearm enhancement did not violate double jeopardy because the legislature clearly intended to impose multiple punishments for the same conduct in his case. He is otherwise precluded from appealing his sentence because the trial court properly exercised its discretion to find a sentence within the standard range appropriate. We affirm.

## FACTS

Kevin Barber's son Chad Barber owned two chainsaws that were stolen from Barber's residence on May 19, 2016. Chad[1] later found chainsaws for sale online that both he and Barber believed were the stolen chainsaws. They believed they could identify the chainsaws because they had been modified in a fairly unique way.

---

[1] We refer to Chad Barber throughout this opinion as "Chad" to avoid confusing father and son. We mean no disrespect.

Posing as potential purchasers, the two made arrangements to meet the online seller at a park and ride lot,. Barber brought a gun to this meeting. On the way to meet with the seller, Barber and Chad flagged down a Snohomish County sheriff's deputy, informed him of the plan, and asked him to assist. However, Barber gave the deputy the incorrect park and ride lot name, and they were unable to redirect him in time to assist. So, Barber and his son arrived at the park and ride lot to meet the seller alone.

The seller arrived in a pickup truck and had the chainsaws with him. The two approached the seller's pickup truck and Chad engaged him in conversation on the driver's side while Barber walked around the passenger side. Chad said something to the effect of, "'[T]hose are my saws,'" and reached for the chainsaws. The seller responded to the effect of, "'[N]o they're not.'" Barber saw the seller pull a gun. Barber raised his gun and both he and the seller fired. The seller sustained multiple gunshot wounds.

Barber pleaded guilty to second degree assault with a firearm enhancement. He sought a sentence of three months. He characterized this as either downward departure of the standard range calculated with the firearm enhancement, or within the standard range without the firearm enhancement. He also asserted that imposition of the firearm enhancement violated the Fifth Amendment's prohibition against double jeopardy.

The trial court sentenced Barber to 40 months of confinement. The sentence included four months for the underlying offense and 36 months for the firearm enhancement. The trial court did not indicate that it lacked the authority to

depart from the standard sentencing range. Rather, it found that the facts did not give rise to exceptional circumstances warranting departure from the standard range because Barber had taken the law into his own hands. The trial court specifically found that it would not deviate from the standard sentencing range even assuming it had legal authority to do so.

Barber appeals.

## DISCUSSION

Barber argues that the imposition of the firearm enhancement in his case violates the prohibition against double jeopardy because it imposes multiple punishments for the same act. He argues that the legislature did not intend to impose two punishments where the offender believed their underlying conduct was legal.

The prohibition against double jeopardy is not violated when the legislature clearly intends to impose multiple punishments for the same conduct. State v. Kelley, 168 Wn.2d 72, 77, 226 P.3d 773 (2010). Our Supreme Court has ruled that the legislature clearly intended to impose multiple punishments for the same conduct when it passed the firearm enhancement. Id. at 80. The court noted that "[f]rom the outset it was apparent that the statute would mandate imposition of firearms enhancements on those committing second degree assault with a deadly weapon." Id. at 83. Barber urges us to depart from Kelley because he believed his conduct was legal. But, the statute contains no exception for offenders who believed their conduct was legal. See RCW 9.94A.533(3). We decline to depart

3

from Kelley. The trial court did not violate Barber's due process rights by applying the firearm enhancement in sentencing.

Barber next argues that the trial court abused its discretion by failing to consider arguments that the firearm enhancement should not be mandatory in his case. RCW 9.94A.533(3) mandates an increase to the standard sentence if an offender uses a firearm in the commission of a crime. RCW 9.94A.585(1) provides, in part, that "[a] sentence within the standard sentence range, under RCW 9.94A.510 or 9.94A.517, for an offense shall not be appealed." In State v. Ammons, our Supreme Court interpreted this statutory preclusion on appealing a standard range sentence and noted: When the sentence given is within the presumptive standard range then as a matter of law there can be no abuse of discretion and there is no right to appeal that aspect. 105 Wn.2d 175, 183, 713 P.2d 719 (1986). An appellant, of course, is not precluded from challenging on appeal the procedure by which a sentence within the standard range was imposed. Id. In State v. Houston-Sconiers, 188 Wn.2d 1, 34, 391 P.3d 409 (2017), the Supreme Court recognized that the trial court has discretion at sentencing, even as to mandatory aggravators. Barber argues the trial court should have exercised discretion, as was directed in Houston-Sconiers, by not imposing the mandatory firearm enhancement in a circumstance in which he believed he was acting lawfully.

Here, the trial court recognized that it had discretion as to the mandatory firearm enhancement. However, the court plainly stated it had given the matter a great deal of thought. It considered the Barber's legal arguments on the record,

4

and determined them to be "weak" and "problematic." It concluded that even if it had full authority to grant Barber's request for an exceptional sentence, it would not do so, because the defendant had "take[n] the law into [his] own hands." It noted that Barber should face "significant consequences." The trial court did not fail to exercise discretion here, rather it properly exercised its discretion in rejecting the requested exception from the firearm enhancement. The trial court did not err in imposing a standard range sentence.

We affirm.

_Appelwick, C.J._

WE CONCUR:

_Andrus, J._        _Leavitt, J._