IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38128-5-III |
| | ) | |
| CHRISTOPHER ZOEY SCHWARZBACH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Christopher Schwarzbach has filed a petition for relief from

personal restraint imposed following his 2019 conviction in Klickitat County for second

degree burglary. In November 2019, Mr. Schwarzbach pleaded guilty to second degree

burglary, and the trial court imposed a standard range sentence of 51 months of

confinement based on an offender score of nine. Mr. Schwarzbach's offender score

included three Oregon felony convictions for possession of controlled substances. In

February 2021, the Washington Supreme Court decided *State v. Blake*, 197 Wn.2d 170,

173, 481 P.3d 521 (2021), holding that Washington's possession of a controlled substance

statute, former RCW 69.50.4013 (2017), violated the due process clauses of the state and

federal constitutions,[1] and was therefore void. Mr. Schwarzbach subsequently filed a

_____

[1] WASH. CONST. art. I, § 3; U.S. CONST. amend. XIV.

CrR 7.8 motion for relief from judgment with the superior court that sought resentencing pursuant to *Blake*. The superior court determined Mr. Schwarzbach's motion was time-barred under RCW 10.73.090, and transferred the motion to this court pursuant to CrR 7.8(c)(2) as a personal restraint petition. In its response to the personal restraint petition, the State concedes Mr. Schwarzbach is entitled to resentencing for the recalculation of his offender score without the Oregon convictions for possession of a controlled substance.

For purposes of offender score calculations, the Sentencing Reform Act of 1981, chapter 9.94A RCW, provides that "[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). However, "a prior conviction [that] has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" in a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 713 P.2d 796 (1986). Thus, *Blake* requires remand for resentencing to recalculate an offender score that does not include the out-of-state convictions for possession of a controlled substance because those crimes were not comparable to any valid Washington crime at the time

No. 38128-5-III
*In re Pers. Restraint of Schwarzbach*

Mr. Schwarzbach was sentenced. *State v. Markovich*, 19 Wn. App. 2d. 157, 173-74, 492 P.3d 206 (2021), *review denied*, No. 100204-1 (Wash. Jan. 5, 2022).

Based on our own review of Mr. Schwarzbach's petition, and the State's concession, we grant the personal restraint petition and remand to the superior court for resentencing in accordance with *Blake*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.