# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>STEVEN LEROY HICKS,<br><br>Appellant. | No. 55236-1-II<br>(Consolidated with 55246-9-II and 55253-1-II)<br><br><br>UNPUBLISHED OPINION |

PRICE, J. – Steven L. Hicks appeals his sentence for unlawful possession of a controlled substance with intent to deliver, possession of stolen property, unlawful possession of a controlled substance, and first degree theft. Because Hicks' conviction for unlawful possession of a controlled substance is unconstitutional, we reverse Hicks' sentence and remand for resentencing.[1]

## FACTS

On August 13, 2020, Hicks pled guilty to second degree possession of stolen property, unlawful possession of a controlled substance, first degree theft, and unlawful possession of a controlled substance with intent to deliver under three different cause numbers. Hicks' criminal history included several convictions for unlawful possession of a controlled substance.

---

[1] Hicks also argues that he received ineffective assistance of counsel because his counsel failed to request that sentencing be continued until after a hearing on a DOSA revocation. Because Hicks' ineffective assistance of counsel claim is related only to sentencing and we remand for resentencing based on Hicks' unconstitutional conviction, we do not address Hicks' ineffective assistance of counsel claim.

Hicks received a standard range sentence. The sentences on all three cause numbers were ordered to be served concurrently.

Hicks appeals his sentence.

ANALYSIS

Hicks argues that his conviction for unlawful possession of a controlled substance is unconstitutional under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Hicks also argues that we should remand for resentencing because his offender score was based on unconstitutional convictions for unlawful possession of a controlled substance. We agree.

In *Blake*, our Supreme Court held that RCW 69.50.4013(1), the statute criminalizing simple possession, is unconstitutional. *Id.* at 186. Therefore, RCW 69.50.4013(1) is void. *Id.* at 195. Further, "a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" as part of a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, *cert. denied*, 479 U.S. 930 (1986).

Because RCW 69.50.4013(1) is unconstitutional and void, we reverse Hicks' conviction for unlawful possession of a controlled substance. Further, because Hicks' prior convictions for unlawful possession of a controlled substance are also invalid on their face, we reverse all of Hicks' sentences. The State argues that Hicks is not entitled to resentencing because there will be no change to Hicks' offender score. Although Hicks' standard sentencing range will not change, we do not know that the trial court would impose the same sentence when sentencing Hicks on two convictions rather than three. Accordingly, remand for resentencing is appropriate.

2

No. 55236-1-II
(Consol. with 55246-9-II and 55253-1-II)

We reverse Hicks' conviction for unlawful possession of a controlled substance and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

BASSETT, J. P.T.[2]

---

[2] Judge Jeffrey Bassett is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.