**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**AUGUST 2, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38069-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| NELSON LAMONT EDWARDS, JR. | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Nelson Edwards was convicted of assault, obstruction of a police

officer, and simple possession of controlled substances. Shortly after Mr. Edwards filed

his notice of appeal, the Washington Supreme Court issued its decision in *State v. Blake*,

197 Wn.2d 170, 481 P.3d 521 (2021), invalidating Washington's strict liability drug

possession statute. The State recognized Mr. Edwards was entitled to relief under *Blake*

and arranged for a prompt resentencing hearing. The hearing took place during the

summer of 2021, while Mr. Edwards's appeal remained pending. Prior to formal entry

of an amended judgment and sentence, the parties did not first obtain permission of this

court under RAP 7.2(e) to amend the decision being reviewed.

The State's desire to facilitate prompt relief under *Blake* was admirable. However,

given the pendency of Mr. Edwards's appeal, the trial court lacked authority to issue an

amended judgment and sentence without the parties first obtaining leave from the Court

of Appeals. The post-*Blake* amended judgment and sentence is therefore void and

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38069-6-III
*State v. Edwards*

unenforceable. Given the original judgment and sentence fails to comport with *Blake*,

Mr. Edwards's case must be remanded for resentencing.

BACKGROUND

In December 2020, Mr. Edwards was convicted at a bench trial of one count of

third degree assault, one count of obstructing a law enforcement officer, and one count

of possession of a controlled substance. Sentencing took place the following month.

At sentencing, Mr. Edwards was assigned an offender score of seven based in part on

two prior convictions for possession of controlled substances.[1] Mr. Edwards received a

prison-based drug offender sentencing alternative of 19 months in prison. The judgment

and sentence was entered on January 25, 2021.

Mr. Edwards filed a timely appeal on February 19, 2021. Less than a week later,

the Washington Supreme Court held in *Blake* that Washington's strict liability drug

possession statute, former RCW 69.50.4013(1) (2017), was unconstitutional and therefore

void. 197 Wn.2d at 195.

While his case was pending review, Mr. Edwards was brought before the trial

---

[1] Mr. Edwards's January 25, 2021, felony judgment and sentence states he was convicted of two counts of possession of controlled substances in 2012. However, the State has filed a supplemental designation of clerk's papers, indicating that Mr. Edwards's second 2012 drug-related offense was delivery of a controlled substance. The true nature of Mr. Edwards's 2012 conviction is a matter that may be resolved on remand.

2

No. 38069-6-III
*State v. Edwards*

court for a *Blake* resentencing. Prior to formal entry of an amended judgment and sentence, the parties neither sought nor otherwise obtained authorization from this court for resentencing pursuant to RAP 7.2(e). At resentencing, the trial court eliminated all drug-related convictions from consideration either as current or prior convictions. The court then imposed a prison-based drug offender sentencing alternative of 12 months' incarceration, followed by 7 months' community custody. The amended judgment and sentence was entered on July 15, 2021. Neither party appealed from the amended judgment.

## ANALYSIS

The parties correctly agree that Mr. Edwards's January 25, 2021, judgment and sentence was imposed in violation of *Blake*. On appeal, their dispute focuses on the July 15, 2021, amended judgment and sentence. The parties argue over whether the resentencing court miscalculated Mr. Edwards's sentencing range based on the theory that some of Mr. Edwards's prior convictions should have washed out from the offender score due to the invalidity of the simple possession convictions.[2]

---

[2] Under RCW 9.94A.525(2)(c), prior class C felonies "shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction."

3

No. 38069-6-III
*State v. Edwards*

The parties' disagreement is misfocused. The merits of the July 15, 2021, amended judgment and sentence is not a matter that is properly before this court. The amended judgment is not the subject of Mr. Edwards's notice of appeal. And more importantly, the amended disposition was issued without authority in violation of RAP 7.2(e).

RAP 7.2 limits a trial court's authority to act on a case during the pendency of an appeal. Under RAP 7.2(e), it is possible for a trial court to change or modify a decision that is under review. However, doing so requires permission from the appellate court prior to formal entry of an amended trial court decision. RAP 7.2(e).

As set forth above, the trial court issued an amended judgment and sentence in Mr. Edwards's case without leave of this court under RAP 7.2(e). Given this circumstance, the July 21, 2021, amended judgment and sentence is invalid and unenforceable. *See Tinsley v. Monson & Sons Cattle Co.*, 2 Wn. App. 675, 677, 472 P.2d 546 (1970) (holding proceedings in superior court subsequent to the filing of a notice of appeal were void and unenforceable for want of superior court jurisdiction). The only judgment and sentence entered with lawful trial court authority is the one filed on January 25, 2021. We therefore limit our review to the issues raised by this original disposition.

With respect to the original January 25, 2021, judgment and sentence, it is uncontested that Mr. Edwards's current conviction for simple possession of a controlled

No. 38069-6-III
*State v. Edwards*

substance must be dismissed under *Blake*. In addition, any prior convictions for possession of a controlled substance must be eliminated from the offender score. *See State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986) ("[A] prior conviction . . . which is constitutionally invalid on its face may not be considered" for sentencing.).

We remand for resentencing pursuant to *Blake*. Resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding Mr. Edwards's offender score and sentencing range.

## CONCLUSION

Mr. Edwards's conviction for possession of a controlled substance is reversed. This matter is remanded for resentencing.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.

5