# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

October 18, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55746-1-II |
| Appellant, | |
| v. | |
| | PUBLISHED OPINION |
| DAVID CHARLES RAHNERT, | |
| Respondent. | |

PRICE, J. — The State appeals from David Rahnert's resentencing.  The State argues that the sentencing court erred in declining to add a point to Rahnert's offender score because he committed the crime while on community custody for a previous conviction of possession of a controlled substance.  We disagree with the State and affirm Rahnert's sentence.

## FACTS

In August 2020, Rahnert pleaded guilty to possession of a controlled substance and first degree malicious mischief.  Rahnert's offender score included one additional point because his crimes were committed while he was on community custody for a prior conviction of possession of a controlled substance.

Following our Supreme Court's decision in *State v. Blake*[1], which held that the criminal statute for possession of a controlled substance was unconstitutional and void, Rahnert's possession of a controlled substance conviction was void.  In March 2021, the sentencing court

---

[1] 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

No. 55746-1-II

resentenced Rahnert. At resentencing, Rahnert argued that his offender score should be reduced by two points—one point for his prior conviction for possession of a controlled substance and one point because his most recent crime was committed while on community custody for the now void possession conviction.

The State agreed that one point should be removed for Rahnert's prior possession of a controlled substance conviction but argued that Rahnert's score should still include one point for being on community custody when he committed the most recent crime.

The sentencing court disagreed with the State and reduced Rahnert's offender score by two points.

The State appeals.

ANALYSIS

In *State v. Blake*, our Supreme Court determined that the Washington strict liability statute criminalizing drug possession "violates the due process clauses of the state and federal constitutions and is void." 197 Wn.2d 170, 195, 481 P.3d 521 (2021). Following *Blake*, a conviction for possession of a controlled substance no longer counts as criminal history for the purpose of an individual's offender score. *See State v. French*, 21 Wn. App. 2d 891, 895, 508 P.3d 1036 (2022). "It is well established that a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score." *Id.* (citing *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 79, *cert. denied*, 479 U.S. 930 (1986)).

2

No. 55746-1-II

Generally, when an individual commits a crime while on community custody for an earlier crime, the Sentencing Reform Act (SRA)[2] provides that an extra point is added to that individual's offender score. RCW 9.94A.525(19). The SRA states simply, "If the present conviction is for an offense committed while the offender was under community custody, add one point." *Id.*

Here, the State agrees that *Blake* invalidated Rahnert's underlying possession conviction, but it argues that this invalidation should not affect the offender score point for committing his new offense while on community custody. Pointing to the plain language of the SRA, the State contends that there is no requirement that the underlying conviction be valid; so long as the individual was on community custody at the time of the new offense, regardless of the validity of the earlier conviction, an additional point should be added to the offender score. We disagree.

This exact issue was addressed by Division One of this court in *French*. After laying out the above legal principles, the *French* court determined that for at least two reasons, the sentencing court did not err in declining to add a point to the defendant's offender score as a result of his commission of an offense while on community custody for an invalid possession conviction. 21 Wn. App. 2d at 897. First, the court determined that the term of community custody is a penalty that was imposed as a result of his possession of a controlled substance conviction and accordingly "was a penalty imposed pursuant to an unconstitutional law." *Id.* Therefore, it was void. *Id.*

---

[2] Ch. 9.94A RCW.

3

No. 55746-1-II

Second, the *French* court said that in *Blake*, "our Supreme Court explained that, as 'an issue of first impression,' [the possession of a controlled substance statute] 'violates the due process clauses of the state and federal constitutions and is void.' " *Id.* (quoting *Blake*, 197 Wn.2d at 173). As a result, courts never had "lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance . . . ." *Id.* Without lawful authority to enter a judgment, courts also never had lawful authority to impose a *sentence*, including community custody, related to the invalid possession statute. *Id.* Adding a point for being on community custody for an invalid sentence would, according to *French*, "renew[]" the constitutional violation. *Id.*

Here, the State's specific argument that the SRA's language does not require a valid underlying conviction for an offender to receive a point for committing a new crime while on community custody is identical to the State's argument that was rejected in *French*. Although the *French* court agreed that the SRA, in fact, has no explicit requirement that "a prior conviction . . . be constitutionally valid in order for a sentencing court to consider such a conviction when calculating an offender score," the court also reiterated that it remains well established that a prior conviction based on a constitutionally invalid statute may not be counted toward an offender score, despite the fact that the SRA does not expressly say so. *Id*. at 898. "Just as we interpret the SRA to require that a prior conviction be valid in order for the conviction to be considered by a sentencing court, we likewise interpret the SRA to require that a term of community custody be validly imposed in order for such a condition to be considered by a sentencing court . . . ." *Id.*

4

No. 55746-1-II

We agree with, and adopt the reasoning of, Division One in the *French* decision. Accordingly, we determine that the sentencing court properly declined to add an offender score point because Rahnert committed his new offense while on community custody for a void conviction for possession of a controlled substance. We affirm.

_____
PRICE, J.

I concur:

_____
WORSWICK, P.J.

5

No. 55746-1-II

MAXA, J. (dissenting) – David Rahnert was on community custody when he committed the offense of first degree malicious mischief. RCW 9.94A.525(19) expressly states that one point must be added to a defendant's offender score "[i]f the present conviction is for an offense committed while the offender was under community custody."

The fact that the conviction for which Rahnert was placed on community custody subsequently was rendered void should not make a difference. The legislature clearly believed that an offender who commits an offense while on community custody is more culpable. That increased culpability remains regardless of an after-the-fact determination that the community custody was based on a void conviction.

_____
MAXA, J.