FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 31, 2025

*[signature]*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 31, 2025

*[signature]*

SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|                                 |     |                       |
| ------------------------------- | --- | --------------------- |
| STATE OF WASHINGTON,            | )   |                       |
|                                 | )   | No. 103582-9          |
| Respondent,                     | )   |                       |
|                                 | )   |                       |
| v.                              | )   | En Banc               |
|                                 | )   |                       |
| KELLY JAY BALLES,               | )   |                       |
|                                 | )   |                       |
| Petitioner.                     | )   |                       |
|                                 | )   | Filed: July 31, 2025  |

JOHNSON, J.—This case concerns the validity of an arrest warrant that was issued prior to our 2021 decision in *State v. Blake*[1] but executed afterward. In *Blake*, we found the statute criminalizing simple drug possession to be unconstitutional because it lacked an intent element.

In 2020, Kelly Balles was serving a 12-month community custody sentence for an underlying simple drug possession conviction. During that sentence, Mr. Balles consistently failed to report to his community corrections officer in violation

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

of his sentence requirement. As a result, the secretary of the Department of Corrections (DOC) issued a warrant for Mr. Balles's arrest.

When law enforcement officers served the warrant, they found evidence of additional violations and subsequently charged Mr. Balles with new offenses. In an evidence suppression hearing, the trial court ruled that our *Blake* decision automatically invalidated Mr. Balles's community custody term and the DOC warrant. Clerk's Papers (CP) at 86. The court suppressed the evidence found during Mr. Balles's arrest. The Court of Appeals, in a split decision, reversed. *State v. Balles*, 32 Wn. App. 2d 356, 556 P.3d 698 (2024), *review granted*, 4 Wn.3d 1006 (2025).[2]

Although the statute at issue in *Blake* was effectively invalidated at the time the decision was filed, we hold that *Blake* did not automatically invalidate the outstanding warrant, which was based on a community custody violation. Instead, *Blake* made the warrant voidable. We affirm the Court of Appeals and remand to the trial court to address the unresolved arguments raised in this case.

FACTS AND PROCEDURAL HISTORY

In 2014, Mr. Balles was charged with illegally possessing cocaine pursuant to former RCW 69.50.4013(1) (2013) in Yakima County. His judgment and

---

[2] The Court of Appeals remanded the case to the trial court to resolve Mr. Balles's alternative arguments.

sentence included seven and a half months in full confinement and one year of community custody supervision. The community custody conditions required Mr. Balles to report to a corrections officer and to affirmatively cooperate with DOC's efforts to monitor his compliance with the imposed conditions. He was prohibited from possessing any controlled substances or firearms and ammunition.

After Mr. Balles completed his full confinement sentence, he began to serve the community custody portion of his sentence. Mr. Balles continuously failed to report to his corrections officer, causing his sentence to be tolled pursuant to RCW 9.94A.171.

Because of his failure to report, DOC issued a warrant[3] on January 28, 2020, authorizing and directing law enforcement officers to arrest Mr. Balles. The warrant listed Mr. Balles's 2014 conviction as the associated cause number without specifying the underlying statute of conviction. *See* CP at 48. On February 25, 2021, this court entered our opinion in *Blake*.

On March 31, law enforcement officers executed the outstanding arrest warrant against Mr. Balles, who was renting a room inside a third party's home.

---

[3] The DOC secretary is authorized to issue arrest warrants when individuals serving a community custody sentence violate a condition of that sentence. RCW 9.94A.716(1).

The homeowner confirmed Mr. Balles lived there, and during a search, Mr. Balles was located and arrested.

During the arrest, one officer noticed a crystalline substance on the bed where Mr. Balles was found and suspected it to be methamphetamine. Based on this potential additional violation, and after detaining Mr. Balles, the officers lifted the mattress to look for more evidence of drug possession. They found a large quantity of methamphetamine and a full box of ammunition. The officers then obtained a search warrant to look for more evidence showing Mr. Balles was violating the community-custody-imposed prohibition on possessing controlled substances, firearms, and ammunition. From this search, the officers found a stolen firearm, large sums of United States currency, several pounds of cannabis, drug distribution paraphernalia, and more ammunition. Consequently, the State charged Mr. Balles with two counts of drug possession with an intent to distribute, unlawful firearm possession, and stolen firearm possession. The following August, Yakima County Superior Court granted the State's motion to vacate Mr. Balles's 2014 judgment and sentence, and released him from the remainder of his community custody sentence.

In the criminal proceedings on the new charges, Mr. Balles moved to suppress the evidence found in his room during the 2021 arrest. He raised issues challenging the validity of the warrant in light of *Blake*. The trial court suppressed

the evidence. It concluded that the 2014 conviction was void as of February 25, 2021, when *Blake* was published. It also concluded that the DOC warrant issuance and execution were invalid, and that the officers lacked probable cause to believe Mr. Balles was engaged in criminal activity. It determined that the process to vacate the simple possession conviction was just a formality. And finally, it determined that the judicial search warrant was invalid and all evidence obtained during the arrest and search was done so illegally. CP at 86-87. The State appealed, challenging the trial court's order. In response, Mr. Balles claimed that *Blake* invalidated the DOC warrant.[4]

In a split decision, the Court of Appeals reversed, holding that Mr. Balles's conviction was not void on the date we issued our *Blake* decision, that the warrant was valid at the time it was served, and that the search was lawful. The court remanded Mr. Balles's alternative theory to the trial court for resolution. Mr. Balles challenges the Court of Appeals' decision raising the *Blake* issue only.[5]

## ANALYSIS

In *Blake*, we held that former RCW 69.50.4013(1), prohibiting possession of a controlled substance ("simple possession"), was unconstitutional. Mr. Balles

---

[4] Mr. Balles also claimed that the police officers exceeded the scope of the warrant when they conducted the search of his residence. This claim is an issue for the trial court to resolve.

[5] DOC submitted an amicus brief joining the State in requesting that we affirm the Court of Appeals' decision.

5

argues that our decision in *Blake* immediately invalidated all judgments and sentences imposed under the former statute. He asserts that any community custody conditions imposed as part of a simple drug possession conviction became retroactively unenforceable, rendering the DOC warrant devoid of authority. He concludes that his constitutionally protected privacy rights were violated by law enforcement officers when they executed the warrant and that the officers should have known *Blake* required them to forego executing the warrant. Mr. Balles's strand of arguments essentially hinges on *Blake* having an automatic and retroactive effect on his 2014 conviction.

Both parties in this case seem to agree that former RCW 69.50.4013(1) became invalid at the time we filed *Blake* on February 25, 2021. Although we assume this is true, Mr. Balles's claim that the holding had automatic effect in other cases is unsupported. In its analysis of the warrant's validity post-*Blake*, the Court of Appeals reasoned that "[w]hen faced with a potentially invalid court order, the solution is not to willfully violate it. Instead, the defendant must challenge his original judgment and sentence in a timely manner and comply with the terms of the order until it is otherwise overturned." *Balles*, 32 Wn. App. 2d at 367-68. We agree. A formal process is necessary to determine the extent of *Blake*-related relief individuals are entitled to according to their circumstances. *See, e.g.*, *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719 (1986) (individuals seeking

postconviction relief must use established avenues to do so). Incarcerated individuals serving sentences solely for simple possession convictions would be entitled to release. Individuals incarcerated based on multiple convictions, including simple possession, might be entitled only to resentencing. *See* RCW 9.94A.728(2) (requiring a court order before an incarcerated individual entitled to a *Blake*-related vacation or offender score recalculation can obtain relief). Because *Blake* can affect an individual's sentence or criminal history in various ways, logically, some additional step is required to ensure individuals receive relief tailored to their circumstances. Given that an incarcerated person entitled to some form of *Blake*-related relief would not automatically be released from their sentence post-*Blake* without an established procedure, a similarly situated person would not be automatically released from community custody and its conditions. Accordingly, an outstanding warrant issued pre-*Blake* for violations of a community custody sentence based on the former statute would not automatically become invalid. Just as *Blake* may entitle some individuals to relief through an established process, we deem such an outstanding warrant as voidable. We hold that the postconviction consequences of our *Blake* decision for individuals with prior convictions based on RCW 69.50.4013(1) are not self-executing.

Here, Mr. Balles was serving a community custody sentence based on a simple possession conviction. He was not released from his community custody

sentence and corresponding conditions until August 4, when a court vacated his conviction. Because, the outstanding warrant was executed while Mr. Balles was still subject to the conditions of his sentence, the warrant was voidable but remained valid.

Two recent *Blake*-related cases, *State v. Olsen*[6] and *State v. Willyard*,[7] support this conclusion. In those cases, petitioners sought to withdraw multiple guilty pleas, which included guilty pleas to simple possession. They claimed that as a result of *Blake*, they had pleaded guilty to nonexistent crimes, making the pleas involuntary. As part of our holdings in these cases, we stated that the petitioners pleaded guilty to valid crimes at the time of conviction. Importantly, we rejected the argument implying a statute deemed unconstitutional was a legal nullity. These cases support the argument that judicial action is required in order to vacate a conviction—that the conviction is voidable, not void. Thus, our declaration in *Blake* that the former simple possession statute was unconstitutional does not eliminate all traces of a simple possession conviction in an individual's criminal history. As we stated in *Willyard*, "[Simple] possession under the former statute is not a nonexistent crime." 3 Wn.3d at 716. Because former RCW 69.50.4013(1) was presumed valid at the time of Mr. Balles's 2014 conviction, the

---

[6] 3 Wn.3d 689, 555 P.3d 868 (2024).
[7] 3 Wn.3d 703, 555 P.3d 876 (2024).

warrant issued for Mr. Balles's failure to report violation remained valid until the conviction was judicially vacated.

Mr. Balles argues that our decision in *State v. White*, 97 Wn.2d 92, 640 P.2d 1061 (1982), required law enforcement officers to know that the *Blake* decision immediately rendered outstanding DOC warrants invalid. We disagree. *White* presented the unique circumstance where police arrested an individual under a statute that mirrored a city ordinance previously declared unconstitutional. 97 Wn.2d at 102-03. But subsequent cases cabined the applicability of the *White* holding. *See, e.g.*, *State v. Potter*, 156 Wn.2d 835, 132 P.3d 1089 (2006) (referring to the *White* holding as a narrow exception to the general rule that statutes are presumed valid until judicially determined to be invalid). The exception to the presumption of validity applies only when an appellate court has previously declared language closely resembling that of the law at issue to be unconstitutional. *Potter*, 156 Wn.2d at 842-43; *see State v. Brockob*, 159 Wn.2d 311, 341 n.19, 150 P.3d 59 (2006) (rejecting the petitioner's reliance on *White* because no law resembling the statute in that case had previously been struck down).

The officers here did not arrest Mr. Balles for violating RCW 69.50.4013(1)—in fact, the warrant lacked information about the underlying statute of conviction. The arrest was authorized by a DOC warrant, issued pursuant to RCW 9.94A.716. Even if the officers knew Mr. Balles was serving a sentence

for simple possession, DOC argues that what the officers knew was irrelevant because DOC is authorized only to carry out sentences, not correct them. Amicus Br. of DOC at 10-11. We agree. The courts are tasked with the responsibility of correcting erroneous sentences and determining the extent of postconviction relief. *State v. Broadaway*, 133 Wn.2d 118, 942 P.2d 363 (1997) (holding that DOC was prohibited from determining the length of a community custody sentence when the written sentence lacked a specific length and the trial court misstated the legally permitted length). Here, the reach of indirect consequences from *Blake* were unknown at the time, which required judicial resolution.

In summary, we hold that *Blake* did not automatically invalidate Mr. Balles's judgment and sentence or the DOC warrant. The conviction became eligible for vacation and the warrant became voidable. Absent a formal court decision voiding the warrant or vacating the conviction, the arrest was valid in relation to the *Blake* issue. We affirm the Court of Appeals' decision and remand to the trial court for further proceedings consistent with this opinion.

Johnson, J.

WE CONCUR:

Stephens, C.J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

González, J.

Whitener, J.

Gordon McCloud, J.

Mungia, J.